1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              CV F 06 1630 AWI WMW P

12                                          **SCHEDULING CONFERENCE**
                         Plaintiffs,        **ORDER**
13
                                            Expert Disclosure Deadline:
14   vs.                                    8/10/07

15   CHARLES WAYNE UPTERGROVE, et al.,      Supplemental Expert Disclosure Deadline:
                                            8/31/07
16                         Defendants.
                                            Discovery Deadline:
17                                          10/12/07

18                                          Non-Dispositive Motion
                                            Filing Deadline: 11/2/07
19
                                            Dispositive Motion
20                                          Filing Deadline: 10/31/07

21
                                            Pre-Trial Conference Date:
22                                          12/21/07

23                                          Trial Date: 1/15/08 at  9:00 a.m.
                                            Jury Trial
24                                          Est. No. Days: 5

25          1.      Date of Scheduling Conference:

26                  May 24, 2007

27

28

                                    1

2.      Appearances of Counsel:

Guy Patrick Jennings  appeared on behalf of plaintiff(s).

Amy Winn  appeared on behalf of defendant State of California Employment Development Department.  No appearance for Charles Wayne Uptergrove or Marth Gene Uptergrove.

3.      The Pleadings:

      A.      Summary of the Pleadings.

This civil action is brought by the United States to reduce federal tax assessments to judgment against Defendants Charles W. Uptergrove and Martha G.G. Uptergrove. The United States contends that Martha G.F. Uptergrove's tax liabilities are the result of unpaid federal employment taxes, penalties, interest, and other statutory additions related to a sloe properietorship called IKON Roofing Company.  The United States contends that Charles W. Uptergove's tax liabilities are the result of a Trust Fund Recovery Penalty, including interest and other statutory additions, as a result of the willful failure of Charles W. Uptergrove as a person responsible to collect, truthfully account for and pay over the withheld income and FICA taxes of Uptergrove Group, Inc., dba Uptergrove Roofing Company.

      B.      Orders Re: Amendment of Pleadings.

No amendments are proposed at this time.


4.      Factual Summary:

The United States and EDD contend that they made proper tax assessments against Defendants Charles W. Uptergrove and Marth G.F. Uptergrove, and that, despite proper notice thereof, Defendants Charles W. Uptergrove and Martha G.F. Uptergrove have failed to pay the assessed amount.

5.      Legal Issues:

Jurisdiction and venue are both disputed by Defendants Charles W. Uptergrove and Martha G.F. Uptergrove.

1    6.    Consent to Magistrate Judge Jurisdiction:

2    No party has submitted a consent to Magistrate Judge jurisdiciton, nor has any party

3  declined Magistrate Judge jurisdicition.

4    7.    Discovery Plan and Cut-Off Dates:

5    A.    Pursuant to F.R.Civ.P.26(b), and except as the court may order after a

6  showing of good cause, the "(p)arties may obtain discovery regarding any matter, not privileged, that

7  is relevant to the claim or defense of any other party."

8    B.    Unless otherwise stipulated between the parties or ordered by the court

9  pursuant to F.R.Civ.P.26(b)(2), discovery shall be limited as follows:

10    (1)    Depositions:

11    a.    Each side may take no more than ten (10) depositions.

12    b.    A deposition shall be limited to one (1) day of seven (7) hours.

13  F.R.Civ.P.30(d).

14    (2)    Interrogatories:

15    a.    "(A)ny party may serve upon any other party written

16  interrogatories, not exceeding 25 in number including all discrete subparts . . ." F.R.Civ.P.33(a).

17    C.    Pursuant to F.R.Civ.P.26(e), the parties shall supplement their disclosures and

18  amend their responses to discovery requests in a timely manner.

19    D.    The parties are ordered to complete all discovery pertaining  on or before

20  October 12, 2007.

21    E.    The parties are directed to disclose all expert witnesses, in writing, on or

22  before August 10, 2007, and all supplemental expert witnesses, in writing, on or before August 31,

23  2007.  The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A)**

24  **and (B), and shall include all information required thereunder.**  Failure to designate experts in

25  compliance with this Order may result in the court excluding the testimony or other evidence offered

26  through such experts that are not disclosed pursuant to this Order.

27    The provisions of Fed.R.Civ.P. 26(b)(4) shall apply to all discovery relating to

28  experts and their opinions.  Experts must be fully prepared to be examined on all subjects and

3

1   opinions included in the designation.  Failure to comply will result in the imposition of sanctions,

2   which may include striking the expert designation and preclusion of expert testimony.

3         8.     Pre-Trial Motion Schedule:

4         All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be

5   filed on or before November 2, 2007, and are heard on the second and fourth Thursdays  at 1:30 p.m.

6   in Courtroom No. 8 on the Sixth before the Honorable William M. Wunderlich, United States

7   Magistrate Judge.  **Counsel must comply with Local Rule 37-251 with respect to discovery**

8   **disputes or the motion will be denied without prejudice and dropped from calendar.**

9   **Additionally, Local Rule 5-133(f) requires courtesy copies in excess of 25 and/or 50 pages be**

10   **provided to the court**.

11         In scheduling such motions, the Magistrate Judge may grant applications for an order

12   shortening time pursuant to Local 6-144(e).  However, if counsel does not obtain an order shortening

13   time, the notice of motion *must* comply with Local Rule 37-251.

14         Counsel may appear, and argue non-dispositive motions, telephonically, provided a

15   written request to so appear is presented to Magistrate Judge Wunderlichy's Clerk Tim Bertalotto no

16   later than five (5) court days prior to the noticed hearing date.  If two or more attorneys request to

17   appear telephonically, then it shall be the obligation and responsibility of the moving party(ies) to

18   make prior arrangements for the conference call with an AT&T operator, IF counsel do not have

19   conference call capabilities on their telephone systems, and to initiate the call to the court.

20         All Dispositive Pre-Trial Motions shall be filed on or before October 31, 2007, and

21   are heard on Mondays at 1:30 p.m. in Courtroom No. 2 on the Eighth Floor before the Honorable

22   Anthony W. Ishii, United States District Judge.  In scheduling such motions, counsel shall comply

23   with **Local Rule 78-230**.

24         9.     Pre-Trial Conference Date:

25         December 21, 2007 at 2:00 p.m. in Courtroom No. 2 on the Eighth Floor before the

26   Honorable Anthony W. Ishii, United States District Judge.

27         Ten (10) days prior to the Pretrial Conference, the parties shall exchange the

28   disclosures required pursuant to F.R.Civ.P. 26(a)(3).

1    The parties are ordered to file a **JOINT Pretrial Statement pursuant to Local Rule**

2  **16-281(a)(2).**  The parties are further ordered to submit a digital copy of their Joint Pretrial

3  Statement in WordPerfect 11[1] format to Judge Ishii's chambers by e-mail to

4  AWIOrders@caed.uscourts.gov.

5    Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of

6  Practice for the Eastern District of California as to the obligations of counsel in preparing for the

7  Pre-Trial Conference.  **The Court will insist upon strict compliance with those Rules**.

8    10.    Trial Date:

9    January 15, 2008 at 9:00 a.m. in Courtroom No. 2 on the Eighth Floor before the

10  Honorable Anthony W. Ishii, United States District Judge.

11    A.    This is a jury trial.

12    B.    Counsels' Estimate of Trial Time is five days.

13    C.  Counsels' attention is directed to **Rule 16-285 of the Local Rules** of Practice for

14  the Eastern District of California.

15    11.  Settlement Conference.

16    Should the parties desire a Settlement Conference, they will jointly request one of the

17  Court, and one will be arranged.  In making such a request, the parties are directed to notify the

18  Court as to whether or not they desire the undersigned to conduct the Settlement Conference or to

19  arrange for one before another judicial officer.

20    11.    Compliance with Federal Procedure:

21    The Court requires compliance with the Federal Rules of Civil Procedure and the

22  Local Rules of Practice for the Eastern District of California.  To aid the Court in the efficient

23  administration of this case, all counsel are expected to familiarize themselves with the Federal Rules

24  of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep

25  abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is

26

27    [1] If WordPerfect 11 is not available to the parties, then the latest version of WordPerfect, or
any other word processing program in general use for IBM compatible personal computers, is
28  acceptable.

5

1   to efficiently handle its increasing caseload.  Sanctions will be imposed for failure to follow the

2   Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

3          12.      Compliance with Electronic Filing Requirement:

4               On January 3, 2005, the United States District Court for the Eastern District of

5   California became an electronic case management/filing district (CM/ECF).  Unless excused by the

6   Court, or by Local Rule, attorneys shall file all documents electronically as of **January 3, 2005** in all

7   actions pending before the court.

8   While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed

9   by pro se litigants, and the official court record in all cases will be electronic.  Attorneys are required

10  to file electronically in pro se cases.  More information regarding the Court's implementation of

11  CM/ECF can be found on the court's web site at www.caed.uscourts.gov, including the Court's

12  Amended Local Rules effective January 3, 2005, the Court's CM/ECF Final Procedures, and the

13  Court's CM/ECF User's Manual.

14              While the Clerk's Office will not refuse to file a proffered paper document, the Clerk's

15  Office will scan it and, if improperly filed, notify the Court that the document was filed in an

16  improper format.  An order to show cause (OSC) may be issued in appropriate cases regarding an

17  attorney's disregard for the

18  requirement to utilize electronic filing, or other violations of these electronic filing procedures.  See

19  L.R. 11-110, L.R.

20  5-133(d)(3).

21              If counsel has not already done so, counsel **must** register for CM/ECF as soon as

22  possible.  On-line registration is available at www.caed.uscourts.gov.  Once registered, counsel will

23  receive a login and password in approximately one (1) week.  Counsel must be registered to file

24  documents on-line.  See L.R. 5-135(g).  Counsel are responsible for knowing the rules governing

25  electronic filing in the Eastern District.  Please review the Court's Local Rules effective January 3,

26  2005, available on the Court's web site.

27         13.      Effect of this Order:

28              The foregoing Order represents the best estimate of the Court and counsel as to the

1  agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved

2  for this case.  If the parties determine at any time that the schedule outlined in this Order cannot be

3  met, counsel are ordered to notify the Court *immediately* so that adjustments may be made, either by

4  stipulation or by subsequent status conference.

5          Stipulations extending the deadlines contained herein will not be considered unless

6  they are accompanied by affidavits or declarations and, where appropriate, attached exhibits which

7  establish good cause for granting the relief requested.

8          **FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE**

9  **IMPOSITION OF SANCTIONS.**

10  IT IS SO ORDERED.

11  **Dated:    June 7, 2007**                              **/s/  William M. Wunderlich**
                                                        UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7