# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** <br> **v.** <br> **CHARLES WAYNE UPTERGROVE, ET AL.,** <br> **Defendants.** | ) | **1: 06 - CV - 1630 - AWI - GSA** <br><br> **MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS** <br><br> **(Documents #65 and #67)** |

## BACKGROUND

On November 14, 2006, Plaintiff the United States of America filed this complaint to reduce federal tax assessments to judgments and foreclose on property. Plaintiff asks that the court enter judgment against Martha G. F. Uptergrove in the amount of $200,802.70, plus statutory interest and other additions allowed by law, for unpaid federal employment taxes and penalties for the periods ending March 31, 2001, through March 31, 2002. Plaintiff asks that the court enter judgment against Charles W. Uptergrove in the amount of $336,298,70, plus statutory interest and other additions allowed by law, for the unpaid Trust Fund Recovery Penalty for the periods ending March 31, 1988, through and including June 30, 1989. Plaintiff asks that the court find the United States has valid and subsisting lien and rights on property belonging to Charles W. Uptergrove and Martha G. F. Uptergrove. Finally, Plaintiff asks that the court allow the federal tax liens against Defendants be foreclosed upon, that real property be ordered sold, and that the proceeds from such sale be distributed in accordance with the court's findings as to the validity and priority of the liens and claims of all parties.

On October 31, 2007, Defendants filed a motion to dismiss the complaint for lack of legislative jurisdiction. Defendants contend that there is no federal legislative jurisdiction over Defendants. Defendants contend that to the extent United States v. Butler, 297 U.S. 1 (1936), provides for the power to tax, this case is unconstitutional, and the Constitution excludes a central federal government's ability to directly tax. Defendants also contend that Plaintiff has never obtained the required authorization under 26 U.S.C. § 7401 to prosecute these Defendants.

On November 11, 2007, Plaintiff filed an opposition. Plaintiff contends that this court has jurisdiction pursuant to 28 U.S.C. §§ 1340 & 1345 and 26 U.S.C. § 7401, 7402, & 7403. To the extent Defendants contend Plaintiff never obtained the required authorization, Plaintiff provides a letter authorizing this suit. To the extend Defendant contend United States v. Butler, 297 U.S. 1 (1936), was wrongly decided, Plaintiff argues that this court is bound to this seventy-year old precedent.

**ALLEGED FACTS**

The complaint alleges that Defendants Charles W. Uptergrove and Martha G. F. Uptergrove own real property located at 26662 Road 23, Chowchilla, California, 93613.

The complaint alleges that a delegate of the Secretary of the Treasury made assessments against Martha G. F. Uptergrove relating to a sole proprietorship called IKON Roofing Company for unpaid federal employment taxes, penalties, interest, and other statutory additions. The complaint alleges that Martha G. F. Uptergrove has neglected or refused to fully pay these assessments, which remain due and owing as of June 14, 2006 with an unpaid balance of $200,802.70, plus statutory interest and other additions allowed by law.

The complaint alleges that on March 18, 1996, a delegate of the Secretary of the Treasury made assessments against Charles W. Uptergrove for a Trust Fund Recovery Penalty, including interest and other statutory additions, as a result of the willful failure of Charles W. Uptergrove as a person responsible to collect, truthfully account for and pay over the withheld income and FICA taxes of Uptergrove Group, Inc., dba Uptergrove Roofing Company, for the periods ending

March 31, 1988, through and including June 30, 1989. The complaint alleges that Charles W. Uptergrove has neglected or refused to fully pay those assessments which remain due and owing as of September 11, 2006, in the amount of $341,656.64, plus interest and other additions according to law.

The complaint alleges that pursuant to 26 U.S.C. § 6321 and § 6322, liens arose in favor of the United States on the dates of the assessments. The complaint alleges that on April 3, 2003, a delegate of the Secretary of Treasury recorded in the County Recorder's Office for Madera County, California, Notice of a Federal Tax Lien against Martha G. F. Uptergrove for unpaid federal employment taxes. The complaint alleges that on April 9, 1997, a delegate of the Secretary of Treasury recorded in the County Recorder's Office for Madera County, California, a Notice of Federal Tax Lien against Charles W. Uptergrove for the unpaid Trust Fund Recovery Penalty Assessments.

**LEGAL STANDARD**

Defendants contend that this court is without legislative jurisdiction over this action. No Federal Rule of Civil Procedure allows dismissal for lack of legislative jurisdiction. In the interests of justice, the court will construe this motion as a motion to dismiss for lack of subject matter jurisdiction.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). A defendant may attack the existence of subject matter jurisdiction based on the

complaint's allegations or by submitted evidence apart from the pleadings. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977). If the moving party presents affidavits or other evidence concerning jurisdiction, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Savage v. Glendale Union High School, Dist. No. 205, Maricopa County, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003); La Reunion Francaise SA v. Barnes, 247 F.3d 1022, 1026 n.2 (9th 2001); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). In a factual attack to jurisdiction, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. St. Clair, 880 F. 2d 199, 201 (9th Cir.1989).

**DISCUSSION**

**A. Ability of Federal Government to Tax**

Plaintiffs contend that the Framers' intent at the time the Constitution was written was to not allow any central federal government to tax. Plaintiffs contend that to the extent United States v. Butler, 297 U.S. 1 (1936) allows such taxation, this case is unconstitutional. This court has no choice but to follow Butler, in which the United States Supreme Court found that the United States has the power to tax. Id. at 66.

**B. Jurisdiction Over this Action**

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1340, which allows jurisdiction over any civil action arising under any Act of Congress providing for internal revenue, and 28 U.S.C. § 1345, which allows for jurisdiction over suits commenced by the United States. Because this action is brought by the United States and concerns a tax liability, this court has jurisdiction.

Title 26 of the United States Code puts some limits on the United States' ability to file suits concerning taxes. Title 26 U.S.C. § 7401 provides:

> No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.

28 U.S.C. § 7401. Defendants contend that Plaintiff does not have the required authority to prosecute this action pursuant to Section 7401. In a motion attacking jurisdiction, the court may look to evidence outside the record. Plaintiff has provided a copy of the letter authorizing this suit under Section 7401 as Exhibit 1 to the Declaration of G. Patrick Jennings. In light of this evidence, Plaintiff has complied with the applicable procedural requirements found in Section 7401.

**CONCLUSION AND ORDER**

In light of the above memorandum opinion and order, the court ORDERS that Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

**Dated: December 6, 2007**

**/s/ Anthony W. Ishii**
UNITED STATES DISTRICT JUDGE