IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHARLES WAYNE UPTERGROVE, *et al.*,<br><br>    Defendants. | CASE NO. 1:06-CV-1630-AWI-GSA<br><br>**ORDER ON PLAINTIFF'S MOTION<br>FOR DISCOVERY SANCTIONS**<br><br>(Docs. 56, 57 & 63) |

## INTRODUCTION

On November 14, 2006, the United States of America ("Plaintiff"), filed a complaint to reduce to judgment federal tax assessments against defendants Charles Wayne Uptergrove and Martha Gene Freeman Uptergrove ("Defendants"), and to foreclose federal tax liens against real property located at 26662 Road 23, Chowchilla, California, 93613. Specifically, Plaintiff asks that the Court enter judgment against Martha G. Uptergrove in the amount of $200,802.70 plus statutory interests and other additions allowed by law, for unpaid federal employment taxes and penalties for the periods ending March 31, 2001, through March 31, 2002. Plaintiff asks that the Court enter judgment against Charles W. Uptergrove in the amount of $336,298,70 plus statutory interest and other additions allowed by law, for

1

the unpaid Trust Fund Recovery Penalty for the periods ending March 31, 1988, through and including June 30, 1989. Plaintiff asks that the Court find the United States has valid and subsisting lien and property rights on the property listed above which belongs to both Defendants. Finally, Plaintiff asks that the Court allow the federal tax liens against Defendants be foreclosed upon, that real property be ordered sold, and that the proceeds from such sale be distributed in accordance with the Court's findings as to the validity and priority of the liens and the claims of all parties.

On May 24, 2007, a Scheduling Conference was held. Defendants failed to appear for the Scheduling Conference despite several attempts to allow them to appear. However, the Scheduling Conference was held in their absence. On June 11, 2007, the Court issued a Scheduling Conference Order outlining filing deadlines and procedures to be followed in this case. (Doc. 53). The Court set the dates in the Scheduling Conference as follows: 1) the completion of discovery deadline was 10/12/07, 2) the deadline for non-dispositive motions was 11/2/07, 3) the deadline for dispositive motions was 10/31/07, 4) the pre-trial conference deadline is 12/21/07, and the trial is 1/15/08. The order informed the parties that failure to comply with the order shall result in the imposition of sanctions. Doc. 53 at pg. 7. On June 11, 2007, the Court attempted to serve both Defendants individually with the order, however, the mail sent to Charles Wayne Uptergrove and Martha Gene Uptergrove was returned to the Court and the envelopes read, "Refusal for Cause Without Dishonor UCC 3-501/3-505 Date: 6-12-07." (Docs. # 54 & 55).

On October 31, 2007, Defendants filed a motion to dismiss the complaint for lack of legislative jurisdiction. (Doc. # 65). This motion to dismiss was denied by United States District Court Judge Anthony Ishii on December 6, 2007. (Doc. #72).

Pending before the Court are two motions filed on October 10, 2007, wherein Plaintiff, seeks discovery sanctions against Defendants for: 1) their failure to respond to the First Set of Interrogatories, Requests for Admissions, and Requests for Inspection and Copying of Documents ("Written Discovery Requests"), (Doc. #57) and 2) Defendant's failure to appear at their depositions. (Doc. # 56). Plaintiff also filed a third motion on October 29, 2007, to extend deadlines set forth in the Scheduling Conference Order. (Doc. # 63). Defendants filed an opposition to the motions on December 3, 2007. A hearing was held on December 15, 2007, before the Honorable Gary S. Austin. Plaintiff was

represented by G. Patrick Jennings.  The Defendants did not appear.  Having considered the parties' arguments, as well as the Court's file, the Court issues the following order.

## PROCEDURAL HISTORY

On August 16, 2007, Plaintiff, properly served both Defendants with the Written Discovery Requests outlined above. Fed. R. Civil P.  Rule 33 (interrogatories); Rule 34 (inspection and copying of documents); Rule 36 (Requests for Admissions).  On August 20, 2007, Plaintiff also properly served the Defendants with Notices of Depositions.  Fed. R. of Civil P.  30(a) & (b).   The Notices scheduled Mr. And Mrs. Uptergrove's depositions for  September 11, 2007, and September 12, 2007, respectively.

On or about August 24, 2007, Plaintiff's counsel received an express mail package from the Defendants which contained copies of Notices of Depositions, and the associated Certificates of Services, stamped with the words, "Refusal for Cause Without Dishonor  UCC 3-501/3-505 Date: 08-21-07."  Defendants also returned Copies of the Interrogatories, Requests for Admissions, and Requests for Inspection and Copying of Documents to Plaintiff, but the documents were not completed.

After receiving the returned items, Plaintiff's counsel sent a letter dated August 24, 2007, to Defendants wherein he stated that he had received the packages from Defendants.  In the letter, he told Defendants that if they did not comply with the Written Discovery Requests, or if they failed to appear for the Depositions, he would seek additional discovery sanctions.  Shortly thereafter, Plaintiff's counsel received a copy of the August 24, 2007 letter he had sent to Defendants, as well as copies of the Notices of Depositions and the associated Certificate of Service, all of which were stamped with the words, "Refusal for Cause Without Dishonor UCC 3-501/3-305 Date:  8/27/07."

On September 11, 2007, Plaintiff's counsel appeared at the designated time and place to depose Defendant Charles Uptergrove.  Defendant Charles Uptergrove did not appear.  After waiting one hour, the deposition was closed.  Similarly, on  September 12, 2007, Plaintiff's counsel appeared at the designated time and place to depose Defendant Martha  Uptergrove.  Defendant Martha Uptergrove did not appear.  After waiting one hour, the deposition was closed.

**Remedies requested:**

Plaintiff asks for the following remedies:

1. An  order compelling both Defendants to appear for the taking of their depositions, as

|  |  |
|---|---|
|  | well as an order requiring both Defendants to reimburse the United States for reasonable expenses incurred in appearing for the Depositions on September 11, 2007, and September 12, 2007; |
| 2. | An order compelling both Defendants to respond to Plaintiff's First Set of Interrogatories, and Requests for Inspection and Copying of Documents; |
| 3. | An evidentiary sanction deeming Plaintiff's Requests for Admissions admitted; |
| 4. | Monetary sanctions requiring Plaintiff for to pay reasonable expenses incurred in bringing the instant motions; and |
| 5. | Extension of the deadlines in the Court's scheduling Conference Order entered June 11, 2007. |

## ANALYSIS & DISCUSSION

### Scope Of Discovery

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States v. Procter & Gamble*, 356 U.S. 677, 683, 78 S.Ct. 983, 987 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).

F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Here, Plaintiff was served various forms of written discovery which are authorized by the Federal Code of Civil Procedure. Plaintiff did not receive responses to any of its discovery requests. In fact, the requests were returned to Plaintiff with a comment from the Defendants stating, "Refusal For Cause

Without Dishonor UCC 3-501/3-505." Similarly, Plaintiff properly noticed the Defendants of their Depositions. Defendants not only failed to appear, but sent the notices back to Plaintiff with a comment stating "Refusal for Cause Without Dishonor.

Defendants oppose Plaintiff's motions on two bases : 1) Defendant Charles Uptergrove alleges that he was never served with any summons in this case despite having filed an answer, and 2) Defendants request that these proceedings be deferred until appellate review of their jurisdictional challenge is completed. (Doc. # 71).

## Discovery Sanctions

### A. Requests for Admission

A party may serve upon any other party a written request for the admission, for purposes of the pending action. Fed. R. Civ. P. 36(a). The matter is admitted unless the party answers or objects within 30 days after service of the request, or within such shorter or longer time as the Court may allow. Id. Any matter admitted under this rule is conclusively established unless the Court, on motion, permits withdrawal or amendment of the admission. Fed. R. Civ. P. 36(b).

### B. Failure to Respond Sanctions

If a *party* fails to appear for deposition or respond to discovery, sanctions may be imposed even in the absence of a prior court order. Fed.R.Civ. P 37(d) "If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just . . ." Thus, sanction may be awarded that are "just." Fed.R.Civ.P. 37(d) continues: "The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)."

For a party's failure to respond to discovery, Rule 37(d) authorizes the Court to take action including:

1.  Designate facts as established;
2.  Refuse to allow the disobedient party to support or oppose designated claims;
3.  Prohibit the disobedient party from introducing designated matters in evidence;
4.  Strike out pleadings or parts thereof;
5.  Stay further proceedings until an order is obeyed;
6.  Dismiss an action, proceeding or any part thereof; or
7.  Render judgment by default against the disobedient party.

Fed.R.Civ.P. 37(d) (cross referencing sanctions identified in Rule 37(b)(2) (A) through (C). Moreover, in lieu of any such order, or in addition thereto, the Court "shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses including attorney's fees, caused by the failure unless the Court finds that the failure was substantially justified or the other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d). An award of expenses does not require a showing of wilfulness or improper intent; rather the standard is whether there was a substantial justification for the losing party's conduct. Id. Even without a prior discovery order, discovery misconduct may be punished under the Court's "inherent powers" to manage its affairs. *Uniguard Security Ins. Co. v. Lakwork Eng. Mfg Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)

**Sanctions are warranted**

Sanctions are warranted in this case due to Defendants complete failure to comply with their discovery obligations. Here, Defendants not only failed to respond to the interrogatories, document requests, requests for admissions, and a deposition notice within the prescribed time, but Defendants have shown a blatant disregard for the process as evidenced by the fact that they returned the documents to Plaintiff's counsel. Additionally, Defendants did not appear for the Scheduling Conference, and they also returned the Court's Scheduling order that was served on them. Defendants also failed to appear for the hearing on the instant motions.

Although Defendant Charles Uptergrove contends that he was never served with a Summons, a review of the record reveals that the Summons listing both defendants' names was served on Martha Gene Uptergrove at 26662 Road 23, Chowchilla, California 93613 on December 13, 2006. (Doc. #16). This complies with the Service requirements outlined in Fed. R. Civ. P. 4(e). Moreover, Plaintiff's

defense of improper service is not properly raised and it is not an excuse for the blatant disregard for the discovery process exhibited here. Finally, Defendants have not provided any legal authority in support of their request to defer the instant motions until the completion of an appellate review of their jurisdictional challenge. As such, the Court finds that Defendants' arguments have no legal basis. Accordingly, the Court finds that Defendants have, without substantial justification, failed to respond to discovery within the time permitted. Plaintiff's motions are therefore GRANTED in full. **Defendants are advised that failure to comply with this order may result in the imposition of additional sanctions, including but not limited to contempt, striking their answer and an entry of default judgment.**

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion as follows:

1. Defendants are ordered to appear for the taking of their depositions on January 10, 2008, at 10:00 at a location designated by Plaintiff's counsel. Plaintiff shall serve Defendants with Deposition Notices outlining the date, time and location of the depositions.

2. Plaintiff's motion for reasonable expenses incurred in appearing for the Depositions is GRANTED. Plaintiff shall submit a declaration evidencing these expenses within 15 days of this order. Defendants shall file any objections to the Plaintiff's proposed amount within 15 days of the date of the filing of Plaintiff's evidence;

2. Defendants are ordered to respond to Plaintiff's First Set of Interrogatories, and Requests for Inspection and Copying of Documents without objection within thirty (30) days of this order;

3. For the purposes of this lawsuit, the matters set forth in Plaintiff's Request for Admissions are deemed admitted by the parties to whom they were directed;

4. Plaintiff's motion for reasonable attorney fees and costs associated with bringing the instant motions is GRANTED. Plaintiff shall submit a declaration evidencing these expenses within 15 days of this order. Defendants shall file any objections to the Plaintiff's proposed amount within 15 days of the date of the filing of Plaintiff's evidence;

5. Plaintiff's Motion for Extension is GRANTED. The dates outlined in the Scheduling Conference Order filed June 11, 2007, are vacated. The new dates are as follows :

    a) the deadline for non-dispositive motions is March 14, 2008;

    c) the deadline for dispositive motions is April 11, 2008;

    d) the pre-trial conference deadline is June 18, 2008 at 8:30 am before the Honorable Anthony Ishii in Courtroom 2; and

    e) and the new trial date is August 5, 2008 at 8:30 am before the Honorable Anthony Ishii in Courtroom 2.

IT IS SO ORDERED.

**Dated:**   **December 18, 2007**            **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE