# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br><br>CHARLES WAYNE UPTERGROVE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-CV-1630 AWI-GSA<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER<br><br>ORDER GRANTING ENTRY OF DEFAULT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE<br><br>(Doc. 87) |

## I. INTRODUCTION

On November 14, 2006, the United States of America ("Plaintiff"), filed a complaint to reduce to judgment federal tax assessments against defendants Charles Wayne Uptergrove ("Charles Uptergrove") and Martha Gene Freeman Uptergrove ("Martha Uptergrove") (collectively, "Defendants"), and to foreclose federal tax liens against real property located at 26662 Road 23, Chowchilla, California, 93613. Specifically, Plaintiff asks that the court enter judgment against Martha G. Uptergrove in the amount of $200,802.70 plus statutory interests and other additions allowed by law, for unpaid federal employment taxes and penalties for the periods ending March 31, 2001, through March 31, 2002. Plaintiff asks that the court enter judgment against Charles W.

1

Uptergrove in the amount of $336,298,70 plus statutory interest and other additions allowed by law, for the unpaid Trust Fund Recovery Penalty for the periods ending March 31, 1988, through and including June 30, 1989. Plaintiff asks that the court find the United States has a valid and subsisting lien and property rights on the property listed above which belongs to both Defendants. Finally, Plaintiff asks that the court allow the federal tax liens against Defendants be foreclosed upon, that real property be ordered sold, and that the proceeds from such sale be distributed in accordance with the court's findings as to the validity and priority of the liens and the claims of all parties.

There has been an extensive history regarding the Defendants' failure to comply with the discovery process, as well as this court's orders, which will be outlined in more detail below. Pending before the court is Plaintiff's Motion for Discovery Sanctions filed on February 1, 2008. (Doc. 87). In this motion, Plaintiff requests that the court order that Defendants Charles Uptergrove and Martha Uptergrove reimburse the United States for reasonable expenses incurred as a result of Defendants' failure to appear for properly noticed depositions on September 11, 2007 and September 12, 2007, as well as on January 10, 2008. Plaintiff also requests that the court order that Defendants' answer be stricken and the court enter default judgment against them in favor of the United States.

As a preliminary matter, this Court has already granted Plaintiff's motion for reasonable expenses in the amount of $ 1,597.81 for Defendants' failure to appear for their Depositions on September 11, 2007 and September 12, 2007. (Docs. 75, 88). Accordingly, this decision will only address Plaintiff's motion for expenses related to Defendants' failure to appear at their January 10, 2008 depositions, and the request to strike Defendants' answer and enter default judgment against them.

A hearing on Plaintiff's motions was held on February 29, 2008, before the Honorable Gary S. Austin. Patrick Jennings appeared on behalf of the United States. Amy Winn appeared on behalf of the State of California Employment Development Department. Defendants did not appear at the hearing. Subsequent to the hearing, on March 6, 2008, Plaintiff's counsel filed a declaration in support of the United States' request for expenses wherein the government is seeking $308.56 as a

result of Defendants' failure to appear for their depositions. Having considered the parties' arguments, as well as the court's file, the court issues the following order.

## II. PROCEDURAL HISTORY

On December 29, 2006, both Defendants filed an answer to the complaint. Doc. 8. On February 12, 2007, prior to the scheduling conference, both Defendants filed a document entitled "Joint Pretrial Conference Statement - Rule 26(f) Report." Doc. 28. In this statement, Defendants asserted that they were making a "specific and not a general appearance to submit this Rule 26(f) Report without stipulating to the jurisdiction of this Court." Doc. 28 at pg.. 1 : 21-23. Defendants further asserted that the court did not have jurisdiction to litigate this case. Doc. 28 at pg. 3: 8-9 and pg. 5: 4-5. Specifically, Defendants stated that they "did not concede that Congress has "expressly" granted the Secretary of the United States Treasury ("Secretary") the authority in United States law to administer and enforce internal revenue laws within the several 50 union states ("several states") pursuant to 4 USC § 72." Doc. 28. at pg. 3:9-13.

On May 24, 2007, a scheduling conference was held, however, neither Defendant appeared at the conference despite being given several opportunities to do so. Doc. 53 at pg.1: 25-27. On June 11, 2007, the court issued a Scheduling Conference Order which authorized the taking of ten deposition per side, and ordered that the parties complete all discovery on or before October 12, 2007. Doc. 53 at pg. 3 : 10-11 and 19-20. The order further provided as follows:

> 11. Compliance with Federal Procedure
>
> The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the Court in the efficient administration of the case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload. Sanctions will be imposed for failure to follow the Rules as provided in both the Fed. R. Civ. P. and the Local Rules.
> Doc. 53 at pg. 5: 20-25 and pg. 6: 1-2.

The order again informed the parties that "failure to comply with the order shall result in the imposition of sanctions." Doc. 53 at pg. 7 : 8-10. On June 11, 2007, the court attempted to serve both Defendants individually with the order, however, the mail sent to both Charles Wayne Uptergrove and Martha Gene Uptergrove was returned to the court and the envelopes read, "Refusal

1  for Cause Without Dishonor UCC 3-501/3-505 Date: 6-12-07." (Docs. # 54 & 55).

2  Although the Uptergroves did not appear at the scheduling conference, on May 22, 2007, two days prior to the scheduling conference, Defendant Charles Uptergrove filed a document entitled, "Notice of Default, File on Demand By Special Appearance." (Doc. 50). In this document, Defendant in relevant part asserted that he "comes before th[e] court ...in the above entitled action under California state (sic) Republic Constitution for the United States 1787-1791..." Doc. 50 at pg. 1:20-23.  Defendant further asserted:

> It is a fact that I placed myself at great risk and jeopardy of the oppressive plaintiff surrogate court in this matter UNITED STATES OF AMERICA by way of their attorney Mc GREGOR W. SCOTT, U.S. Attorney, et als. (sic) under the venue and jurisdiction of the United States District Court for the District of California."
> Doc. 50 at pg. 2: 11-15.

Contained within this filing is a document entitled, "Notice of Default Affidavit in Support, File on Demand by Special Appearance."  Doc. 50 at pgs 5-7.  In this document, Defendant Charles Uptergrove states as follows :

> That my wife Martha Gene Freeman, Uptergrove is under coverture and by and through her unlimited right to contact, joins me as one body under God and the law of this case, and thereby, I am the fiduciary natural guardian of same, of which this court nor any party if (sic) of a lawful delegation of authority to pierce nor separate.[1]
> Doc. 50, at pg. 5 : 21-24.

Defendant Charles Uptergrove further states :

> That I do fully intend to APPEAL any aberrant legal decision in this and any and all matter into the upper courts, as I have a vote of NO CONFIDENCE in the above-mentioned tribunal, that it will disburse or to obtain justice in this matter and thereby, and all stays of executions in this matter must issue in order to protect all of my substantive rights.
> Doc. 50, at pg. 7 : 7-10.

On October 31, 2007, both Defendants filed a document entitled, "Motion to Dismiss the Complaint for Lack of *Legislative* Jurisdiction; Supporting Declaration; Request fo Judicial Notice." (Emphasis added.) (Doc. # 65).  Defendant Charles Uptergrove filed a declaration in support of the motion wherein he states, "we are sovereign members of the sovereign people of the sovereign republic of California."  Doc. 65 at pg. 22 : 23-25.  He further states the following:

---

[1] The court has interpreted this statement to mean that Defendant Charles Uptergrove is acting on behalf of Defendant Martha Uptergrove.

4

> Pursuant to the mandatory provisions in the Federal Constitution under article 1 section 8 subparagraph 17, and United States Code Title 40, section 255 the federal government, the United States of America never obtained any cession of territory within the said republic of California in the County of Madera, in Chowchilla where we live on the land described in the plaintiff's complaint to obtain legislative jurisdiction over defendants Charles and Martha Uptergrove within the said Republic of California in this case, which leaves the plaintiff with no authority to prosecute this action ...
> Doc. 65 at pg. 23: 10-21.

This motion to dismiss was denied by United States District Court Judge Anthony Ishii on December 6, 2007. (Doc. #72).

**A.  The Discovery Violations**

Prior to Defendants filing their Motion to Dismiss, Plaintiff initiated the discovery process. On August 16, 2007, Plaintiff, properly served both Defendants with the first set of interrogatories, requests for admissions, and requests for inspection and copying of documents ("written discovery requests"). Doc. 73-4 pg. 1:26-28 and pg. 2 1-7. On August 20, 2007, Plaintiff also properly served the Defendants with notices of depositions. Fed. R. of Civil P. 30(a) & (b); Doc. 73-2 at pg. 1:26-28 and pg. 2: 6-8. The notices scheduled Mr. and Mrs. Uptergrove's depositions for September 11, 2007, and September 12, 2007, respectively. *Id.*

On or about August 24, 2007, Plaintiff's counsel received an express mail package from the Defendants which contained copies of the notices of depositions, and the associated certificates of services, stamped with the words, "Refusal for Cause Without Dishonor  UCC 3-501/3-505 Date: 08-21-07." Doc. 73-2 at pg. 2: 9-13. Defendants also returned copies of the interrogatories, requests for admissions, and requests for inspection and copying of documents to Plaintiff, but the documents were not completed. Doc. 73-4 at pg. 2: 8-13.

After receiving the returned items, Plaintiff's counsel sent a letter dated August 24, 2007 to Defendants wherein he stated that he had received the packages from Defendants. Doc. 73-2 pg. 2:14-22.  In the letter, Plaintiff's counsel told Defendants that if they did not comply with the written discovery requests, or if they failed to appear for the depositions, *he would seek additional discovery sanctions*. (Emphasis added). *Id.* Shortly thereafter, Plaintiff's counsel received a copy of the August 24, 2007 letter he had sent to Defendants, as well as copies of the notices of depositions and the associated certificates of service, all of which were stamped with the words, "Refusal for Cause

1  Without Dishonor UCC 3-501/3-305 Date: 8/27/07." Doc. 73-2 at pg. 2:25-28.

2  On September 11, 2007, Plaintiff's counsel appeared at the designated time and place to depose Defendant Charles Uptergrove. Defendant Charles Uptergrove did not appear. Doc. 73-2 at pg. 3: 2-7. After waiting one hour, the deposition was closed. Similarly, on September 12, 2007, Plaintiff's counsel appeared at the designated time and place to depose Defendant Martha Uptergrove. Defendant Martha Uptergrove did not appear. After waiting one hour, the deposition was closed. Doc. 73-2 at pg. 3: 8-13.

On October 10, 2007, Plaintiff filed a Motion to Compel and a Motion for Discovery Sanctions against Defendants for: 1) their failure to respond to the written discovery requests (Doc. #57), and 2) Defendant's failure to appear at their depositions. (Doc. # 56). Defendants filed an opposition to the motions on December 3, 2007. A hearing was held on December 15, 2007, before this court. Plaintiff was represented by G. Patrick Jennings. The Defendants did not appear.

On December 18, 2007, this court granted Plaintiff's motion in full. Doc. 75 at. pg. 7:6. Specifically, the court ordered that the Defendants were to appear for the taking of their depositions on or about January 10, 2008, and that Defendants were ordered to respond to Plaintiff's first set of interrogatories and requests for inspection and copying of documents without objection within 30 days of the court's order.[2] Doc. 75 at 12-21. Plaintiffs were advised that "failure to comply with this order may result in the imposition of additional sanctions, including, but not limited to, contempt, striking their answer, and an entry of default judgment." Doc. 75: 7-9.

On December 27, 2007, Defendant Charles Wayne Uptergrove filed a document entitled, "By Special Appearance Only LETTER FROM Charles Wayne Uptergrove TO MAGISTRATE JUDGE GARY S. AUSTIN AND ANTHONY W. ISHII." Doc. 76. In this letter, Charles Uptergorve stated, "I am demanding you judicially note and place on the record this letter, which is a command from your Master to both of you, whom are public servants in this matter." Doc. 76 pg. 1. He again asserted this court's lack of jurisdiction, "It is a fact, that this court is without lawful jurisdiction in

---

[2] The court also granted Plaintiff's request for admissions and the admissions were deemed admitted by the parties to whom they were directed. Dec. 75 at pg. 7:22-23.

6

the above-mentioned case number 1:06-CV-1630-AWI-GSA." He also requested that the court inform him of what motions and pleadings the Defendants may ignore. Doc. 76 at pg. 4, fn 2.

On January 10, 2007, the court issued an order indicating that to the extent that the letter was a request for dismissal, the request was denied. Doc. 79. Defendant was advised that he could not ignore court orders or motions filed by opposing counsel and that "ignoring any motions and pleadings, as well as failure to comply with Court Orders may result in the imposition of additional sanctions." Doc. 79 at pg. 1: 23-24. This order was served on both Defendants on January 10, 2008.[3]

On February 1, 2008, this court issued an order granting Plaintiff's Motion for the award of monetary sanctions in favor of the United States ordering both Defendants to pay $1,597.81 for expenses incurred by the United States for Defendants' failure to attend their depositions in September. Doc. 88. Importantly, Defendants were again advised that failure to comply with the order may result in additional sanctions including, but not limited to, contempt or default judgment. Doc. 88 at. Pg 2: 3-5.

On February 1, 2008, Plaintiff filed the instant motion. In support of the motion, Plaintiff's attorney, Patrick Jennings, filed a declaration dated February 1, 2007, ( "Jenning's Declaration") indicating that on December 17, 2007, the United States served notices of depositions of Mr. and Mrs. Uptergrove ('the notices") via Federal Express and U.S. Mail. Doc. 87-3 at pg. 3: 20-22 and pg. 4: 1-2. The notices scheduled Mr. and Mrs. Uptergrove's depositions for January 10, 2008 at the Office of the United States Attorney in Fresno, California, in compliance with the court's order. Doc. 87-4 at Exhibit 1, 2 & 3.

Shortly thereafter, counsel for the United States received a package from Mr. and Mrs.

---

[3] Defendant Charles Uptergrove has filed other letters in this case. Specifically, he filed a letter addressed to Plaintiff's counsel Patrick Jennings on January 15, 2008 (Doc. 84) and letters addressed Judge Ishii and Judge Austin on January 16, 2008 (Doc. 85). These letters were stricken from the record because they were not properly filed pursuant to the Federal Rules of Civil Procedure. Doc. 86.
Similarly, Defendant Charles Uptergrove filed a letter to Plaintiff's counsel Michael Pittman on February 12, 2008 (Doc. 91) and also a document entitled "Refusal of Order, Refusal of Judgment" on February 7, 2008. Doc. 90. Documents 90 and 91 were stricken from the record because they were not filed pursuant to the Federal Rules of Civil Procedure. Doc. 92. On February 27, 2008, Defendant Charles Uptergrove filed a document entitled, "Refusal of Order, Refusal of Judgment" wherein he refused to accept this court's order striking Docs. 90 and 91 from the record. Doc. 95.

7

1  Uptergrove which contained two copies of the court's December 18, 2007 order, both of which were
2  stamped with the words, "Refusal with Cause without Dishonor UCC3-501/3-505 Date: 12-24-07."
3  Doc. 87-3 at pg. 4: 7-10 and Doc. 87-4 at Exhibit 4.

4  In response, Plaintiff's counsel sent a letter dated January 7, 2008, to Defendants wherein he
5  stated that he had received the returned packages from Defendants. Doc. 87-3 at pg. 4: 12-22 and
6  pg. 5: 1-7; Doc. 87-5 at Exhibit 5. In the letter, Plaintiff's counsel told Defendants that he was
7  concerned that they did not intend on appearing at the depositions and asked that them to reconsider.
8  *Id.* Counsel informed Defendants that if they did not attend the hearing, he would have no other
9  option than to seek additional sanctions. *Id*. Shortly thereafter, Plaintiff's counsel received a copy
10 of the January 10, 2008, letter he had sent to Defendants, and each page of the letter was stamped
11 with the words, "Refusal for Cause Without Dishonor UCC 3-501/3-305 Date: 1-9-08. VOID."
12 Doc. 87-3 at pg. 5: 8-13 and Doc. 87-5 at Exhibit 6. On January 10, 2008, Plaintiff's counsel
13 appeared at the designated time and place for the taking of the Defendant's depositions and both
14 Defendants failed to appear. *Id.* at 5:13-17.

15 **Remedies requested:**

16 In light of the above discovery abuses, Plaintiff asks for the following remedies:

17 1.  Monetary sanctions requiring that both Defendants reimburse the United States for
18     its reasonable expenses incurred in appearing for the properly noticed depositions
19     on January 10, 2008; and

20 5.  That Defendants Charles Uptergrove and Martha Uptergrove's answer be stricken
21     and enter default judgment against them in favor of the United States.

22                    **III. ANALYSIS & DISCUSSION**

23                       **A. Scope Of Discovery**

24 F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

25        Parties may obtain discovery regarding any matter, not privileged, that is
          relevant to the claim or defense of any party, including the existence, description,
26        nature, custody, condition, and location of any books, documents, or other tangible
          things and the identity and location of persons having knowledge of any discoverable
27        matter. For good cause, the court may order discovery of any matter relevant to the
          subject matter involved in the action. Relevant information need not be admissible
28

at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Here, Plaintiff was served various forms of written discovery which are authorized by the Federal Code of Civil Procedure. Plaintiff did not receive responses to any of its discovery requests. In fact, the requests were returned to Plaintiff with a comment from the Defendants stating, "Refusal For Cause Without Dishonor UCC 3-501/3-505." Similarly, the Plaintiff properly noticed the Defendants of their depositions not once, but on two separate occasions. On each of those occasions, Defendants not only failed to appear, but sent the notices back to Plaintiff's counsel with a comment stating "Refusal for Cause Without Dishonor." Defendants' failure to attend the second deposition scheduled for January 10, 2008, was in direct violation of this court's order issued on December 18, 2008. Moreover, Defendants have refused to recognize the jurisdiction of this court and its authority over them as evidenced by Defendants' filings and their refusal of several of this court's orders.

### B. Discovery Sanctions

**1. Failure to Respond Sanctions**

If a *party* fails to appear for deposition or respond to discovery, sanctions may be imposed even in the absence of a prior court order. Fed.R.Civ.P 37(d)(1)(A)(i) and (ii).. "If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a)(4) to testify on behalf of a party fails to appear for that person's deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may order sanctions. *Id.* Fed.R.Civ.P. 37(d) continues: "The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." Fed.

9

R. Civ. P. Rule 37(d)(1)(B)(2).

In *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 947 (9th Cir. 1993), the Ninth Circuit upheld dismissal of the case for Henry's multiple discovery abuses, including failure to appear at his deposition. Henry argued that he never "failed to appear" for his noticed deposition because each such deposition was vacated by agreement of the parties. He argued that "the ordinary difficulties in coordinating calendars" should not be grounds for discovery sanctions. The Ninth Circuit found that the record showed, however, that Henry "twice notified defendants the business day before his properly noticed depositions were to have taken place that he would not attend...." The Ninth Circuit noted that "Henry thus asks this court to hold that, even though he twice forced cancellation of his deposition by notifying Gill at the last minute that he would not appear, such conduct does not constitute a 'failure to appear' because Gill's counsel, instead of sitting in a conference room waiting for Henry not to arrive, attempted to reschedule the deposition." The Ninth rejected Henry's argument. "We reject the suggestion that an unreasonable refusal to be deposed must be met with an unreasonable refusal to reschedule in order to warrant sanctions under Rule 37." *Henry v. Gill Industries, Inc.*, 983 F.2d at 947. The Uptergroves' conduct is even more egregious than the situation in *Henry* in that no attempt was even made to cancel the depositions. Instead, Defendants simply failed to appear. Their refusal to provide and participate in any discovery has been pervasive even after the court has ordered them to do so.

For a party's failure to respond to discovery, Rule 37(d) authorizes the Court to take action including:

    1.    Designate facts as established;

    2.    Refuse to allow the disobedient party to support or oppose designated claims;

    3.    Prohibit the disobedient party from introducing designated matters in evidence;

    4.    Strike out pleadings in whole or in part;

    5.    Stay further proceedings until an order is obeyed;

    6.    Dismiss an action, proceeding or any part thereof; or

    7.    Render judgment by default against the disobedient party.

8. Treating as contempt of the court the failure to obey any order except an order to submit to a physical or mental exam.

Fed.R.Civ.P. 37(d) (cross referencing sanctions identified in Rule 37(b)(2) (A) (i-vii). Instead of, or in addition to the orders above, the court must order the disobedient party ... to pay reasonable expenses including attorney's fees caused by the failure, unless that failure was substantially justified or other circumstances make an award of expenses unjust. Even without a prior discovery order, discovery misconduct may be punished under the court's "inherent powers" to manage its affairs. *Uniguard Security Ins. Co. v. Lakwork Eng. Mfg Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

**2. Sanctions are warranted**

Sanctions are warranted in this case for Defendants' complete failure and lack of respect for court orders and the discovery process. Here, Defendants utterly refused and failed to respond to any discovery: interrogatories, document requests, requests for admissions and two deposition notices. Defendants refused to participate in the discovery even after the court had ordered them to do so. Thus, Plaintiff is entitled to an award of sanctions. The issue is the breath of the sanctions which should be imposed. Plaintiff asks for an order striking Defendants' answer and entering default judgment. Plaintiff also asks for monetary sanctions including reasonable expenses incurred as a result of Defendants' failure to attend their depositions. As a preliminary matter, this court finds that Defendants' failure to participate in discovery was not substantially justified, nor are there other circumstances that would make an award of reasonable expenses unjust.

Further, the district court may dismiss an action or enter default if a plaintiff willfully, with fault, or in bad faith refuses to appear at a deposition after being served with proper notice, *see* Fed.R.Civ.P. 37(d); *Henry,* 983 F.2d at 946, and the plaintiff's misconduct threatens to interfere with the rightful decision of the case. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors,* 69 F.3d 337, 348 (9th Cir.1995) (discussing dismissal pursuant to court's inherent power).  In deciding whether default is proper, Courts consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy in favor of disposing of cases on their merits; and (5) the availability

of less drastic sanctions." *Payne v. Exxon Corp.,* 121 F.3d 503, 507 (9th Cir.1997); *Adriana Int'l Corp. v. Thoeren*, 913 F. 2d 1406 (9th Cir. 1990) *(quoting Malone v. U.S. Postal Service*, 833 F. 2d 128, 130 (9th Cir. 1981).

The first factor, the public's interest in the expeditious resolution of the litigation is satisfied. This case was filed in November 2006, and without a terminating sanction, this court sees no end in sight for this matter. Moreover, the Defendants' behavior is completely contrary to the public's interest in the expeditious resolution of the litigation given the discovery abuses and Defendants' failure to follow court orders as outlined above.

The second factor, the court's need to manage its docket is also met. The Defendants have clearly demonstrated their refusal to comply with not only the Plaintiff's discovery requests, but also this court's own orders regarding discovery. The Defendants, by their own actions, have clearly frustrated the court's management of its docket.

The third factor, the risk of prejudice to the party seeking the sanctions, is also satisfied. It is evident that the endless delays and costs being visited upon this case by the Defendants will necessarily cause a denial of justice, if not a miscarriage of it. The government has been prejudiced in that its ability to fully prosecute this claim has been thwarted by Defendants' blatant lack of compliance with the discovery process.

The fourth factor, the public policy favoring the disposition of cases on the merits is met. While the public's interest certainly favors resolution of cases on the merits, the public has an equal, if not greater interest in ensuring confidence in our judicial system and in the speedy and fair administration of justice. The Defendants' actions to this point have evaded the former and certainly eroded both of the later.

Finally, this court has employed the fifth factor, the imposition of less drastic sanctions, when it ordered that the Defendants comply with the written discovery requests and by ordering the taking of the Defendants' depositions. Defendants' non-compliance even after being given a second opportunity to do so is remarkable. Therefore, under the circumstances, this court cannot fashion any lesser sanction, short of striking Defendants' answer and entering default against them, that will

correct their abuses and bring them into compliance with the lawful orders of this court.

"A district court is not constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999). "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." *Jorgensen v. Cassiday*, 320 F. 3d 906 (9th Cir. 2003) (*quoting, Hyde & Drath v. Baker*, 24 F. 3d 1162, 1167 (9th Cir. 1994); *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F. 3d at 1167; *Fjelstad*, 762 F. 2d at 1341. A single willful violation may suffice depending on the circumstances. *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998), *cert. denied*, 526 U.S. 1064, 119 S.Ct. 1455 (1999); *see Ortiz-Rivera v. Municipal Government of Toa Alta*, 214 F.R.D. 51, 57 (D. P.R. 2003) (disobedience of court orders in and of itself constitutes extreme misconduct and warrants dismissal).

Here, the evidence establishes the actions of both Defendants in this matter can be described as nothing short of willful, deliberate, conscious, and calculated all in the cynical disdain for the rules of civil procedure relating not only to discovery, but to the entire judicial system. Defendants have been repeatedly warned of the potential consequences of their actions, but to no avail. Defendants were served with multiple written discovery devices. They did not respond to any of them. They were contacted by the Plaintiff repeatedly in an attempt to gain their compliance with the discovery requests, yet Plaintiff's efforts were fruitless. Defendant were noticed for their depositions. They blatantly refused the notices and they failed to appear even after being ordered by this court to attend. Given the refusals and multiple failures to participate in the discovery process by the Defendants, the only possible conclusion is that Defendants wilfully refused to comply. Accordingly, the sanction of striking the answer and entering of default is appropriate.

The court notes that Plaintiff has requested default judgment. However, at this juncture, only entry of default is ordered because the court does not have enough information regarding the

judgment plaintiff is seeking. Therefore, Plaintiff's motion for default judgment is DENIED without prejudice. Plaintiff is directed to file a separate motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure specifically outlining the type and the amount of the relief the government is seeking in the judgment.

### **CONCLUSION**

For the foregoing reasons, the Court issues the following order:

1. Plaintiff's motion for reasonable expenses incurred in appearing for the depositions is GRANTED. On March 6, 2008, the Plaintiff submitted a declaration requesting $308.56 in expenses incurred as a result of Defendants' failure to attend their depositions. Defendants shall file any objections to the Plaintiff's proposed amount within 15 days of the date of Plaintiff's filing;

2. Plaintiff's motion to strike Defendants answer filed December 29, 2006 is GRANTED. The Defendants' Answer is hereby STRICKEN and the Clerk of the Court is directed to enter default against both Defendant Charles Wayne Uptergrove and Defendant Martha Gene Uptergrove; and

3. Plaintiff's motion for entry of default judgment is DENIED without prejudice. Plaintiff is directed to file a separate motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and a proposed order within 30 days of the date of this order. The motion should specifically outline the type and the amount of the relief the United States is seeking in the judgment.

IT IS SO ORDERED.

Dated: **March 7, 2008**         /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE