McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
MICHAEL G. PITMAN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Facsimile:  (202) 307-0054
Guy.P.Jennings@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Charles Wayne Uptergrove, *et al.*,<br><br>  Defendants. | Civil No. 1:06-cv-1630-AWI-GSA<br><br>MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS CHARLES W. UPTERGROVE AND MARTHA G. F. UPTERGROVE |

Plaintiff the United States of America ("United States"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P 55(b), submits the following Memorandum in Support of its Motion for Default Judgment against Defendants Charles W. Uptergrove and Martha G. F. Uptergrove ("Mr. and Mrs. Uptergrove").

**BACKGROUND**

The United States commenced this action on November 14, 2006, in order to reduce to judgment federal tax assessments against Mr. and Mrs. Uptergrove and to foreclose federal tax liens against certain real property. On March 10, 2008, the Court issued an Order striking Mr. and Mrs. Uptergrove's Answer and ordering to Clerk of Court to enter default against them. *See* Doc. # 99. The Clerk of Court entered default as to Mr. and Mrs. Uptergrove on March 11, 2008. *See* Doc. # 100.

**ARGUMENT**

Under Rule 55(b), once default has been entered by the Clerk of Court, the party seeking affirmative relief may move the Court to enter a default judgment. Thus, entry of a default judgment is appropriate where "the adversary process has been halted because of an essentially unresponsive party." *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970). In evaluating motions for default judgment, courts consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here, these factors militate in favor of the entry of default judgment against Mr. and Mrs. Uptergrove.

**1. The United States Will Suffer Prejudice in the Absence of Default Judgment**

If the relief sought is denied, the United States will be unable to adequately protect its interest with respect to the federal tax liabilities at issue owed by Mr. and Mrs. Uptergrove. Despite having been given ample opportunity to do so, Mr. and Mrs. Uptergrove have refused to participate in this suit in any meaningful manner. Thus, in the absence of default judgment, the United States' claims against Mr. and Mrs. Uptergrove would languish in a perpetual limbo. For this reason, the United States would be prejudiced if default judgment is not granted.

**2. The United States' Claims Have Merit**

The United States' first claim for relief seeks to reduce assessments against Defendant Martha G. F. Uptergrove to judgment. These assessments were the result of unpaid federal employer's quarterly payroll (form 941) taxes, unpaid federal employer's annual unemployment (Form 940) taxes, and a failure to file penalty under 26 U.S.C. § 6721 all pertaining to Defendant Martha G. F. Uptergrove's sole proprietorship, IKON Roofing Company.

The United States' second claim for relief seeks to reduce assessments against Defendant Charles W. Uptergrove to judgment. The taxes assessments against Defendant Charles W. Uptergrove were the result of a Trust Fund Recovery Penalty, imposed under 26 U.S.C. § 6672. The recovery of a Trust Fund Recovery Penalty under 26 U.S.C. § 6672 involves a two-step inquiry: First, it

must be determined whether the taxpayer was responsible for collecting, truthfully accounting for, and paying federal tax on behalf of an employer; Second, it must be determined whether the taxpayer willfully failed to collect or pay the taxes at issue, by, for example, intentionally paying a creditor other than the United States after learning of the tax deficiency. *See Davis v. United States*, 961 F.2d 867, 869-871 (9th Cir. 1992); *see also Buffalow v. United States*, 109 F.3d 570, 573 (9th Cir 1997); *Purcell v. United States*, 1 F.3d 932, 936 (9th Cir. 1993). Thus, the United States' second claim for relief is meritorious if Defendant Charles W. Uptergrove was a person responsible for paying to the United States the federal withholding taxes of Uptergrove Group, Inc., doing business as Uptergrove Roofing Company, and if he willfully failed to do so.

The United States' third claim for relief seeks to foreclose federal tax liens against Defendants Charles W. Uptergrove and Martha G. F. Uptergrove upon their interest in the Subject Property. Under 26 U.S.C. §§ 6321 & 6322, whenever a taxpayer refuses or neglects to pay an assessed tax after receiving a demand for payment, a lien in favor of the United States arises upon all property and rights to property, whether real or personal, belonging to the taxpayer as of the time the taxes are assessed. Once it is established that the United States has liens upon certain property, 26 U.S.C. § 7403 entitles the United States to foreclose those liens, sell the property, and apply the proceeds towards the tax liabilities at issue. Thus, the United States' third claim for relief is meritorious if federal tax liens against Mr. and Mrs. Uptergrove exist, and if Mr. and Mrs. Uptergrove have a

property interest in the Subject Property.

"In an action to collect tax, the government bears the initial burden of proof. The government, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due. Normally, introduction of the assessment establishes a *prima facie* case." *Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990) (internal citations omitted); *see also United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1994) ("Introducing Certificates of Assessments and Payments establishes a *prima facie* case for the United States."). Thus, the government satisfies its initial *prima facie* burden by introducing Certificates of Assessment, and the burden then shifts to the taxpayer to show that he is not liable for the assessments. *Oliver*, 921 F.2d at 920.

The Certificates of Assessments and Payments (Form 4340) against Mr. and Mrs. Uptergrove for the tax years 1988, 1989, 2001 and 2002 are attached as Exhibits A through H to the Declaration of IRS Revenue Officer Marilyn Collins ("Collins Declaration"), attached as Exhibit 1. These Certificates establish that the tax liabilities were properly assessed against Mr. and Mrs. Uptergrove (26 U.S.C. §§ 6201-6203), and that notices and demand for payment of the liabilities were properly sent (26 U.S.C. §§ 6303(a) & 6321). *See, e.g., United States v. Chila*, 871 F.2d 1015, 1017-1019 (11th Cir. 1989). The determinations and assessments of Mr. and Mrs. Uptergrove's tax liabilities are further supported by the forms INTSTD attached to the Collins Declaration as Exhibits I through P, as well as the Collins Declaration itself. In short, the Collins Declaration, together with the

data annexed thereto, is *prima facie* evidence that the tax liabilities at issue were properly assessed, and that the unpaid balance due on the relevant assessments against Defendant Charles W. Uptergrove, with accrued interest, penalties, and other statutory additions as of March 31, 2008, is $385,879.94, and that the unpaid balance due on the relevant assessments against Defendant Martha G. F. Uptergrove, with accrued interest, penalties, and other statutory additions as of March 31, 2008, is $227,716.49.  *See* Collins Declaration, ¶¶ 8 & 9.

Moreover, in an order dated December 18, 2007, the Court ordered, among other things, that, "[f]or the purposes of this lawsuit, the matters set forth in Plaintiff's Request for Admissions are deemed admitted by the parties to whom they were directed."  Doc. # 75 at 7.  These admissions conclusively establish Mr. and Mrs. Uptergrove's liability for the taxes at issue. For the purposes of this lawsuit, Mr. Uptergrove has admitted the following:

- Mr. Uptergrove was a person responsible for collecting, truthfully accounting for and paying over the withheld income and FICA taxes of Uptergrove Group, Inc., doing business as Uptergrove Roofing Company, for the period from January 1, 1988 through June 30, 1989.
- On the March 18, 1996, a delegate of the Secretary of the Treasury made assessments against Mr. Uptergrove for a Trust Fund Recovery Penalty, including interest and other statutory additions.  Proper notice and demand for payment of the March 18, 1996 assessments has been made on Mr. Uptergrove, and he has neglected or refused to fully pay the March 18, 1996 assessments.  The March 18, 1996 assessment of the penalty set forth above accurately reflected the amount of the withheld income and FICA taxes of Uptergrove Group, Inc., doing business as Uptergrove Roofing Company, for the periods between January 1, 1988 and June 30, 1989.
- Mr. and Mrs. Uptergrove own the real property located at 26662 Road 23, Chowchilla, California, 93613.  Mr. Uptergrove currently resides at 26662 Road 23, Chowchilla, California, 93613.  Mr. Uptergrove resided at 26662

Road 23, Chowchilla, California, 93613, at some time between January 1, 1988 and June 30, 1989.

- Mr. Uptergrove was one of the persons authorized to, and in fact did, sign checks of Uptergrove Group, Inc., doing business as Uptergrove Roofing Company at any some between January 1, 1988 and June 30, 1989.

- Mr. Uptergrove was one of the persons responsible for paying the debts of Uptergrove Group, Inc., doing business as Uptergrove Roofing Company at any some between January 1, 1988 and June 30, 1989.

- Mr. Uptergrove was one of the persons who maintained authority to direct employees of Uptergrove Group, Inc., doing business as Uptergrove Roofing Company to make payments of debts or obligations to creditors of Uptergrove Group, Inc., doing business as Uptergrove Roofing Company, at any some between January 1, 1988 and June 30, 1989.

- Mr. Uptergrove was aware at some time between January 1, 1988 and June 30, 1989 that Uptergrove Group, Inc., doing business as Uptergrove Roofing Company had failed to make timely payments to the Internal Revenue Service of federal withholding taxes, including but not limited to the amounts it withheld from its employees' paychecks for the employees' FICA and income taxes.

- Mr. Uptergrove became aware that Uptergrove Group, Inc., doing business as Uptergrove Roofing Company had failed to make timely payments of the federal withholding taxes which are the subject of this suit, Uptergrove Group, Inc., doing business as Uptergrove Roofing Company had sufficient funds available to pay the taxes.

And Mrs. Uptergrove has admitted the following:

- On October 21, 2002, a delegate of the Secretary of the Treasury made assessments against Mrs. Uptergrove relating to a sole proprietorship called IKON Roofing Company for unpaid federal employment taxes, penalties, interest, and other statutory additions, for the first, second, third, and fourth quarters of tax year 2001. Proper notice and demand for payment of the October 21, 2002 assessments have been made on Mrs. Uptergrove, and she has neglected or refused to fully pay the October 21, 2002 assessments.

- On October 14, 2002, a delegate of the Secretary of the Treasury made assessments against Mrs. Uptergrove relating to a sole proprietorship called IKON Roofing Company for unpaid federal employment taxes, penalties, interest, and other statutory additions, for the first quarter of tax year 2002. Proper notice and demand for payment of the October 14, 2002 assessments have been made on Mrs. Uptergrove, and she has neglected or refused to fully pay the October 14, 2002 assessments.

- On October 28, 2002, a delegate of the Secretary of the Treasury made assessments against Mrs. Uptergrove relating to a sole proprietorship called IKON Roofing Company for unpaid federal unemployment taxes, penalties, interest, and other statutory additions, for tax year 2001. Proper notice and demand for payment of the October 28, 2002 assessments have been made on Mrs. Uptergrove, and she has neglected or refused to fully pay the October 28, 2002 assessments.

- On September 13, 2004, a delegate of the Secretary of the Treasury made assessments against Mrs. Uptergrove relating to a Penalty for Intentional Failure to File Information Returns, for tax year 2001. Proper notice and demand for payment of the September 13, 2002 assessments have been made on Mrs. Uptergrove, and she has neglected or refused to fully pay the September 13, 2002 assessments.

- Defendants Mr. and Mrs. Uptergrove own the real property located at 26662 Road 23, Chowchilla, California, 93613. Mrs. Uptergrove currently resides at 26662 Road 23, Chowchilla, California, 93613, and Mrs. Uptergrove resided at 26662 Road 23, Chowchilla, California, 93613, between January 1, 2001 and March 31, 2002.

- The assessments of tax set forth above accurately reflected the amount of the unpaid federal employment taxes for a sole proprietorship called IKON Roofing Company for the periods described above.

These admissions, in conjunction with the *prima facie* evidence set forth in the Collins Declaration, are sufficient to demonstrate that the United States' claims that the federal tax assessments at issue are valid and enforceable.

### 3. The Allegations Made in the United States' Complaint Are Deemed Admitted and are Sufficient to Justify Default Judgment

When a party is in default, the well-plead allegations of the complaint are taken as true, *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987), including allegations regarding liability. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). In this case, since the Clerk of Court has entered default against Mr. and Mrs. Uptergrove, the allegations in the United States' Complaint are deemed admitted for purposes of default judgment. The

allegations in the United States' Complaint are sufficient to establish that:

- A delegate of the Secretary of the Treasury made assessments against Defendant Martha G. F. Uptergrove relating to a sole proprietorship called IKON Roofing Company for unpaid federal employment taxes, penalties, interest, and other statutory additions for the tax periods ending March 31, 2001, through and including March 31, 2002; Proper notice and demand for payment of these assessments has been made on Defendant Martha G. F. Uptergrove; and Despite timely notice and demand for payment of these assessments, Defendant Martha G. F. Uptergrove has neglected or refused to fully pay these assessments; and that

- A delegate of the Secretary of the Treasury made assessments against Defendant Charles W. Uptergrove for a Trust Fund Recovery Penalty, including interest and other statutory additions, for the periods ending March 31, 1988, through and including June 30, 1989; Proper notice and demand for payment of these assessments has been made on Defendant Charles W. Uptergrove; and Despite timely notice and demand for payment of these assessments, Defendant Charles W. Uptergrove has neglected or refused to fully pay those assessments.

*See* Complaint at ¶¶ 17-23.  These allegations are taken as true, and, in conjunction with the *prima facie* evidence set forth in the Collins Declaration, as well as Mr. and Mrs. Uptergrove admissions, are sufficient to demonstrate that the United States' claims that the federal tax assessments at issue are valid and enforceable.

**4.      The Amount Owed is Established by the Certificates of Assessments, the Liability Statement, and the Revenue Officer's Declaration**

In order to establish the amounts owed by Mr. and Mrs. Uptergrove the United States submits the Forms 4340 and INTSTD, attached as Exhibits A through P to the Collins Declaration, as well as the Collins Declaration itself, including the updated liability statement therein.

**5.     Material Facts Are Unlikely to Be Disputed**

There is no indication that Mr. and Mrs. Uptergrove are in a position to dispute the material facts discussed above.

**6.     Mr. and Mrs. Uptergrove's Default is Not the Result of Excusable Neglect**

The Court has determined that Mr. and Mrs. Uptergrove's default was the result of actions which "can be described as nothing short of willful, deliberate, conscious, and calculated all in the cynical disdain for the rules of civil procedure relating not only to discovery, but to the entire judicial system." Doc. # 99 at 13. Thus, their default is not the result of excusable neglect.

**7.     Although Public Policy Favors the Resolution of Cases on the Merits, Mr. and Mrs. Uptergrove's Refusal to Participate Meaningfully Makes Such a Resolution Impossible in this Case**

As stated above, despite having been given ample opportunity to do so, Mr. and Mrs. Uptergrove have refused to participate in this suit in any meaningful manner, and there is no reason to believe that they will ever do so. Consequently, a resolution of this case on the merits, although preferable, is simply not possible, and default judgment is appropriate.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court enter default judgment as follows:

(a)    That the Court enter Judgment against Defendant Charles W. Uptergrove in favor of the United States of America in the amount of $385,879.94, plus all penalties and interest accruing after March 31, 2008 pursuant to 26 U.S.C.

-10-

1 §§ 6601, 6621, & 6622, and 28 U.S.C. § 1961(c) until paid;

2     (b)    That the Court enter Judgment against Defendant Martha G. F. Uptergrove in favor of the United States of America in the amount of $227,716.49, plus all penalties and interest accruing after March 31, 2008 pursuant to 26 U.S.C. §§ 6601, 6621, & 6622, and 28 U.S.C. § 1961(c) until paid;

    (c)    That the Court enter Judgment against Defendants Charles W. Uptergrove and Martha G. F. Uptergrove, jointly and severally, in favor of the United States of America and in accordance with the Court's Order dated February 1, 2008 (Doc. # 88) in the amount of $1,597.81, plus all penalties and interest accruing after March 2, 2008 until paid;

    (d)    That the Court enter Judgment against Defendants Charles W. Uptergrove and Martha G. F. Uptergrove, jointly and severally, in favor of the United States of America and in accordance with the Court's Order dated March 10, 2008 (Doc. # 99) in the amount of $308.56, plus all penalties and interest accruing after March 25, 2008 until paid;

    (e)    That the Court order that the United States of America has valid and subsisting liens on all property and rights to property belonging to Defendant Charles W. Uptergrove including, without limitation, the Subject Property (as that term is described in the Complaint);

    (f)    That the Court order that the United States of America has valid and subsisting liens on all property and rights to property belonging to Defendant Martha G. F. Uptergrove including, without limitation, the Subject

-11-

Property; and

    (g)    That the Court order that the federal tax liens against Defendants Charles W. Uptergrove and Martha G. F. Uptergrove be foreclosed upon their interest in the Subject Property, that the Subject Property be ordered sold, and that the proceeds from such sale be distributed in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties.

Respectfully submitted this 9th day of April, 2008.

        McGREGOR W. SCOTT
        United States Attorney

        /s/ Michael G. Pitman
        G. PATRICK JENNINGS
        MICHAEL G. PITMAN
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-6648