# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1: 06 - CV - 1630 - AWI - GSA |
| ) | |
| Plaintiff, ) | SETTING BRIEFING SCHEDULE |
| v. ) | FOR DEFENDANTS' MOTION FOR |
| ) | RECONSIDERATION OF |
| CHARLES WAYNE UPTERGROVE, ) | MAGISTRATE JUDGE GARY |
| ET AL., ) | AUSTIN'S MARCH 10, 2008 ORDER |
| Defendants. ) | |
| ) | (Documents #103) |

In this action, Plaintiff the United States of America seeks to reduce federal tax assessments to judgments and foreclose on property.

In this action, there has been an extensive history regarding the Defendants' failure to comply with the discovery process, as well as to comply with court orders. On February 1, 2008, Plaintiff filed a motion for discovery sanctions based on Plaintiffs failure to appear at their depositions.

On March 10, 2008, Magistrate Judge Garry S. Austin granted Plaintiffs the reasonable expenses they incurred when Defendants failed to appear for their depositions. Plaintiffs requested $308.56 as expenses incurred as a result of Defendants' failure to attend their depositions. On March 10, 2008, Judge Austin also struck Defendants' answer and ordered the Clerk of the Court to enter default against both Defendants. On March 10, 2008, Judge Austin denied Plaintiffs' motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure but, Judge Austin did order Plaintiffs to file a proposed order within 30 days specifically outlines the type and the amount of the relief the United States is seeking in the judgment.

On March 19, 2008, Defendants filed a motion for reconsideration of the March 10, 2008 order. Defendants claim that they could not appear at their depositions without waiving his jurisdictional objections and many defenses. Defendants ask that the court reconsider the March 10, 2008 order and vacate the orders striking answers. On April 9, 2008, Plaintiff filed an opposition to Defendants' motion foe reconsideration. The pending motion for reconsideration is currently set to be heard before Judge Austin at 9:30 a.m. on April 4, 2008 in Courtroom 10.

If a party is dissatisfied with the ruling of a Magistrate Judge on a nondispositive order, Rule 72(a) of the Federal Rules of Civil Procedure allows the aggravated party to serve and file objections to a Magistrate Judge's nondispositive order within ten days. In this court, these types of objections are treated as a motion for reconsideration by the assigned District Court Judge. While Defendants did not file a request for reconsideration by the District Court Judge, in the interests of justice, the court will review Defendants' objections under Local Rule 72-303. Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

In light of these standards, the court finds that the undersigned, rather than Judge Austin, should hear the pending motion for reconsideration. Because the court has already received both the motion and opposition, the court will set dates for filing of any reply, along with a hearing

date.

      Accordingly, the court ORDERS that:

         1.    The Hearing on Defendants' motion for reconsideration set before Judge Austin at 9:30 a.m. on April 20, 2008 is VACATED;

         2.    Defendants may file any reply brief by April 21, 2008; and

         3    The hearing on Defendants' motion for reconsideration SHALL be held at 1:30 p.m. on April 28, 2008, in Courtroom 2

IT IS SO ORDERED.

**Dated:   April 15, 2008**              /s/ Anthony W. Ishii
                                            UNITED STATES DISTRICT JUDGE