IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        **Plaintiff**,<br><br>  v.<br><br>CHARLES WAYNE UPTERGROVE, et al.,<br><br>        **Defendants.** | CV F 06-1630 AWI GSA<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING.**<br><br>(Document # 103) |

This case comes before the Court on a request by defendants Charles Wayne Uptergrove and Martha Gene Uptergrove ("Defendants") for reconsideration by the District Court of the Magistrate Judge's ruling of March 10, 2008 (Doc. 99). Plaintiff is the United States of America ("Plaintiff"). For the reasons that follow, the request for reconsideration will be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 1, 2008, Plaintiff filed a motion for discovery sanctions (Doc. 87). The Magistrate Judge limited the scope of the motion to address only Plaintiff's request for expenses related to Defendants' failure to appear at their January 10, 2008 depositions, and the request to strike Defendants' answer and enter default judgment against them. The Magistrate Judge performed a close review of the record and determined that Defendants' conduct in this matter

warranted sanctions. Accordingly, the Magistrate Judge granted Plaintiff's request for reasonable expenses incurred in appearing for Defendants' depositions, granted Plaintiff's request to strike Defendants' answer to the complaint in this case, but denied Plaintiff's motion for entry of default judgment without prejudice.

The Magistrate Judge pointed to "an extensive history regarding the Defendants' failure to comply with the discovery process, as well as this court's orders . . ." in this matter. Generally, the Magistrate Judge recounted numerous failures by Defendants to appear at hearings, scheduling conferences and depositions ordered by the court, to respond to timely filed written discovery requests, and to even accept mail from Plaintiff or the court. A detailed account of Defendants' refusal to cooperate with the Magistrate Judge's orders can be found in the March 10, 2008 order (Doc. 99).

Defendants filed the present request for reconsideration on March 19, 2008. Plaintiff filed an opposition on April 9, 2008. Defendants filed a reply brief on April 21, 2008.

## LEGAL STANDARD

Under Local Rule 72-303, a party may file a request for reconsideration of a Magistrate Judge's ruling by a District Judge. The party must serve and file objections to the order within ten days after being served with a copy of the Magistrate Judge's order. Fed. R. Civ. P. 72(a). Such a request for reconsideration is committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for

the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72-303(f). As such, the court may only set aside those portions of the Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)).

## DISCUSSION

### A.   Ruling by Magistrate Judge

The Magistrate Judge's ruling was based on Federal Rule of Civil Procedure 37(d), which authorizes sanctions against parties that fail to appear for depositions or respond to discovery requests. Rule 37(d) states in relevant part:

> "The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party or a party's officer, director, or managing agent — or a person designated under Rule 30(b)(6) or 31(a)(4) — fails, after being served with proper notice, to appear for that person's deposition; or
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."

Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii). The Magistrate Judge determined that sanctions were warranted in this case where "Defendants utterly refused and failed to respond to any discovery: interrogatories, document requests, requests for admissions and two deposition notices . . . even after the court had ordered them to do so."

The Magistrate Judge also cites to Rule 37 as authority for the type of sanctions imposed in this case. Rule 37 lists several types of sanctions that a court may impose against a party for failing to comply with its orders, including "striking pleadings in whole or in part;" "rendering a default judgment against the disobedient party;" and/or requiring the party sanctioned "to pay the

3

reasonable expenses, including attorney's fees, caused by the failure . . . ." See Fed. R. Civ. P. 37(d)(3). The Magistrate Judge found it appropriate to enter default after considering the five relevant factors outlined by the Ninth Circuit: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997).

**B.     Defendants' Argument For Reconsideration**

Defendants respond with a number of arguments for vacating the Magistrate Judge's order. First, Defendants contend that neither the United States government, Plaintiff, nor this Court has jurisdiction to proceed against Defendants. Defendants' apparent attempts to avoid "waiving [their] jurisdictional objections and defenses" is a significant factor as to why they purportedly "can not" accept service or make appearances. Defendants argue that the order imposing sanctions violates due process and notions of fairness and that the Magistrate Judge should have issued an order for Defendants to show cause before imposing the sanctions and entering default against them. Defendant Charles Wayne Uptergrove ("Charles") also emphasizes that part of the reason that he has been unable to comply with the discovery process is due to his busy work schedule and that he alone acts for Defendant Martha Gene Uptergrove ("Martha"), his wife. Lastly, Defendants add that Plaintiff in this case has refused to respond to Defendants' discovery requests.

**C.     Analysis**

As explained above, this Court may only review the Magistrate Judge's order under the "clearly erroneous or contrary to law" standard. That is, Defendants must show facts or law which demonstrate that portions of the Magistrate Judge's order are clearly erroneous or contrary to law. Defendants in this case have failed to meet their burden.

4

Defendants' primary grounds for obstinately refusing to comply with the Magistrate Judge's numerous discovery orders appears to be the jurisdictional one.  Defendants argue that they are "sovereign members of the sovereign people of the sovereign Republic of California," over which the federal government has no authority and, therefore, this Court has no jurisdiction.  Defendants' cite only to the Tenth Amendment of the United States Constitution in support of this proposition.  Defendants' claim, however, reflects a fundamental misunderstanding of the principles of jurisdiction, let alone of the makeup of this Union.

It is not necessary to respond to this claim in depth here because these jurisdictional arguments were previously addressed in detail and rejected in an order issued by this Court denying Defendants' motion to dismiss Plaintiff's complaint for lack of jurisdiction.  See Doc. 72.  This claim constitutes neither new or different facts, circumstances, nor other grounds for the motion.

Defendants' argument that the order imposing sanctions violates due process is not shown by the facts before the Court and Defendants point to no authority on point.  Even a cursory look at the record belies Defendants' implication that they did not receive fair notice.  As to Defendants' related point that the Magistrate Judge should have issued an order to show cause before granting a motion for discovery sanctions, Defendants fail to point out any such requirement in the Federal Rules of Civil Procedure or any other authority.  In fact, courts are vested with "inherent powers" with broad discretion to manage their affairs, including with regard to sanctioning discovery misconduct, and may do so without prior formal orders to show cause.  See Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg., 982 F.2d 363 (9th Cir. 1992).  Nonetheless, in this case, Defendants were afforded multiple opportunities to respond to discovery matters.

Defendants' also claim that Charles, also acting as agent for Martha, is unable to receive or respond to pleadings and requests in this case in a timely manner because of his exceptionally busy work schedule.  Plaintiff argues that Defendants' claim is undermined by their actions.

Plaintiff points out that nearly every piece of mail sent to Defendants is promptly returned bearing a dated stamp reading "Refusal for Cause Without Dishonor." Defendants reply to this argument by raising their perceived jurisdictional dilemma — that accepting service of any document would waive their jurisdictional defenses — but as discussed above, Defendants' jurisdictional claims have been denied. More importantly, for the purposes of this request for reconsideration, the situation with Charles' employment is not a new or different fact or circumstance that did not exist prior to the motion for discovery sanctions and therefore Defendants do not make the showing required.

Defendants' claim that Plaintiff in this case has also refused to respond to discovery requests. Plaintiff disputes this claim and states that Plaintiff did provide a response to Defendants' requests. The Court notes that Plaintiff's "response" in fact consisted of a letter denying Defendants' requests for untimeliness and referring them to previously produced discovery. However, Plaintiff is correct that regardless of whatever response Plaintiff gave, Defendants were not justified in unilaterally ignoring discovery orders. Rule 37(d) provides that a "failure [to appear at a deposition or to respond to discovery requests as] described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

As explained above, a District Court only reviews discovery orders issued by a Magistrate Judge for clear error or to determine whether they are contrary to law. A reviewing court may not substitute its judgment for that of the deciding court. <u>Rivera v. Nibco, Inc.</u>, 364 F.3d 1057, 1063 (9th Cir. 2004). The Magistrate Judge's ruling on this matter is neither erroneous nor contrary to law and, as such, Defendants' request for reconsideration on this point is denied.

**ORDER**

Based on the above memorandum opinion, the Court ORDERS that Defendants' request for reconsideration by the District Court of the Magistrate Judge's March 10, 2008 ruling is DENIED.

IT IS SO ORDERED.

Dated:  **May 10, 2008**              /s/ **Anthony W. Ishii**
                          UNITED STATES DISTRICT JUDGE