IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>CHARLES WAYNE UPTERGROVE, *et al.*,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-CV-1630-AWI-GSA<br><br>**ORDER RE: PRIORITY OF LIEN HOLDERS AND STATUS OF DEFENDANT CALIFORNIA FRANCHISE TAX BOARD** |

On April 4, 2008, the United States of America ("Plaintiff") filed a Motion for Default Judgment against Defendants Charles Wayne Uptergrove and Martha Gene Freeman Uptergrove. The Motion for Default Judgment relates to a Complaint to reduce to judgment federal tax assessments against the Uptergroves and to foreclose federal tax liens against real property located at 26662 Road 23, Chowchilla, California, 93613 ("Subject Property").

A review of the record reveals that three other Defendants in this action have claimed interests in the Subject Property: HomEq Servicing Corp ("HomEq"), Copeland Lumber Company ("Copeland"), and State of California Employment Development Department ("EDD"). By stipulation and order filed January 12, 2007, the United States and senior lien holder Defendant HomEq resolved the competing priority of their respective liens. Doc. 19. Specifically, any sale proceeds shall be distributed to HomEq before the United States. Additionally, pursuant to stipulation and order filed February 16, 2007, the United States lien will be senior to Defendant Copeland's lien. Doc. 25.

Defendant EDD filed an Answer to the Complaint wherein it alleges that EDD's lien is superior

to the liens of the United States. (Doc. 23). EDD subsequently filed a nonopposition to Plaintiff's Motion for Entry of Default Judgment against the Uptergroves (Doc. 110), however, Plaintiff's Motion for Entry fo Default Judgment did not specifically address the priority of the lien holders. Plaintiff and EDD have not filed a stipulation with regard to EDD's lien. It is unclear whether Plaintiff and the EDD have resolved their competing lien interests, and if so, what effect this will have on the other lien holders' priorities.

Finally, on January 22, 2007, Defendant California Franchise Tax Board (CFTB) filed a Disclaimer Answer wherein it disclaims any interest in the action and requests that Plaintiff dismiss it from the action. (Doc. 22). To date, no motion to dismiss or voluntary dismissal has been filed.

These court seeks clarification on these issues in order to effectively rule on Plaintiff's Motion for Default Judgment. Accordingly, it is hereby ordered that within ten days from the date of this order that :

1) Plaintiff file a report outlining the status of CFTB as a named defendant, or in the alternative, file a voluntary dismissal or otherwise dismiss this party if appropriate; and

2) Plaintiff, Copeland, HomEq, and EDD shall file a joint stipulation regarding the priority of the respective liens, or if the parties cannot agree, they shall file a joint status report indicating their respective positions. Thereafter, if it is necessary, the court will issue an additional briefing schedule to address any competing lien interests;

3) Plaintiff shall serve this order on Defendants Copeland and HomEq forthwith since the court does not have contact information regarding counsel for these parties as they were not previously required to make an appearance in this matter.

IT IS SO ORDERED.

Dated: **June 19, 2008**          **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE