**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES WAYNE UPTERGROVE,<br>ET AL.,<br><br>　　　　Defendants. | CASE NO. 1:06-CV-01630-AWI-GSA<br><br>ORDER VACATING HEARING<br>DATE OF AUGUST 4, 2008, AND<br>ORDER GRANTING<br>MOTION TO DISMISS<br>DEFENDANT CALIFORNIA<br>FRANCHISE TAX BOARD |

　　　Plaintiff has noticed for hearing and decision a motion to dismiss Defendant California Franchise Tax Board pursuant to Rule 41 of the Federal Rules of Civil Procedure. The matter was scheduled for hearing to be held on August 4, 2008. Pursuant to Local Rule 78-230(c), Defendants were required to file either an opposition or a notice of non-opposition no later than July 21,2008. On June 27, 2008, Defendant Employment Development Department filed a notice of non-opposition to the United States motion to dismiss California Franchise Tax Board. No other Defendant has filed an opposition.

　　　Due to the other Defendants failure to file a timely opposition or notice of non-opposition, they are in violation of the Local Rules. See 78-230(c). Defendants are further not entitled to be heard at oral argument in opposition to the motion. See 78-230(c). The court has reviewed Plaintiff's motion and the applicable law, and has determined that the motion is suitable for decision without oral argument. See Local Rule 78-230(h).

The purpose behind Rule 41 of the Federal Rules of Civil Procedure is to protect defendants from vexatious plaintiffs. <u>U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp.</u>, 151 F.3d 1139, 1145 (9th Cir. 1988) (citing <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 397 (1990). Rule 41(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (1) **By Plaintiff; by Stipulation**. . . . an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared . . . .
>
> (2) **By Order of Court**. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper.

A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. <u>Smith v. Lenches</u>, 263 F.3d 972, 975 (9th Cir. 2001). Rule 42(a)(2) allows the court to grant a plaintiff's dismissal motion with appropriate terms and conditions to protect the defendant from prejudice. <u>Sequoia Orange Co.</u>, 151 F.3d at 1145. A motion under Rule 42(a)(2) "is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." <u>Stevedoring Services of America v. Armilla International B.V.</u>, 889 F.2d 919, 921 (9th Cir.1989).

In ruling on a motion for voluntary dismissal under Rule 41(a)(2), the district court must consider whether the dismissal will result in some plain legal prejudice to the defendant. <u>Hamilton v. Firestone Tire & Rubber Co., Inc.</u>, 679 F.2d 143, 145 (9th Cir.1982). "Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation. <u>Westlands Water Dist. v. United States</u>, 100 F.3d 94, 97 (9th Cir.1996). Legal prejudice requires "prejudice to some legal interest, some legal claim, [or] some legal argument." <u>Lenches</u>, 263 F.3d at 976; <u>Westlands Water Dist.</u>, 100 F.3d att 97. Here, Defendants offer no reason why they will be prejudiced. The one Defendant that has responded so far has no opposition. Thus, dismissal is appropriate.

Therefore, IT IS HEREBY ORDERED that:

1. Previously set hearing date of August 4, 2008, is VACATED, and no party shall appear at that time; and

2. Plaintiff's motion to dismiss Defendant California Franchise Tax Board is granted.

IT IS SO ORDERED.

Dated:   July 30, 2008                               /s/ Anthony W. Ishii
                                                   CHIEF UNITED STATES DISTRICT JUDGE