1

2

3

4

5

6

7      IN THE UNITED STATES DISTRICT COURT FOR THE

8          EASTERN DISTRICT OF CALIFORNIA

9

| | | |
|---|---|---|
| 10 | UNITED STATES OF AMERICA, ) | NO. 1: 06-CV-01630-AWI-GSA |
| 11 | Plaintiff, ) | MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' |
| 12 | v. ) | MOTIONS FOR A STAY OF THE EXECUTION OF JUDGMENT AND |
| 13 | CHARLES WAYNE UPTERGROVE, ) et al., ) | SALE OF PROPERTY PENDING APPEAL |
| 14 | ) | |
| 15 | Defendants ) | [Document # 140] |

16

17                    **BACKGROUND**

18        On November 14, 2006, Plaintiff United States of America filed this complaint to reduce

19  federal tax assessments to judgments and foreclose on property.

20        On April 9, 2008, Plaintiff filed a motion for default judgment against Defendants.

21        On September 24, 2008, the court adopted the Findings and Recommendations and

22  granted Plaintiff's motion for default judgment.  The court found that Defendants' real property

23  could be sold.

24        On October 16, 2008, Defendants filed a motion to set aside judgment.  In an order

25  accompanying this order, the court denied Defendants' motion.

26        On November 20, 2008, Defendants filed a motion for stay of the execution of judgment

27  and sale of property.   On December 4, 2008, Plaintiff filed a reply.

28

**DISCUSSION**

Defendants seek a court order staying the execution of the judgment and the sale of their home and property pending appeal.   The motion references Rule 3 and Rule 4 of the Federal Rules of Appellate Procedure and Rule 60 of the Federal Rules of Civil Procedure.   Rule 3 and Rule 4 of the Federal Rules of Appellate Procedure concern what actions may be appealed and the time during which a party must file a notice of appeal.  Rule 60 of the Federal Rules of Civil Procedure concerns orders to correct, modify, or provide relief from judgment.  These Rules do not provide a legal basis for staying this action's judgment.  Thus, Defendants' motion must be denied because Defendants do not provide any legal authority for their request.

Even considering the arguments found in Defendants' motion, the court cannot grant Defendants' motion.  Defendants contend that they are entitled to a stay because this action was filed outside the applicable statute of limitations.  This contention was made in Defendants' motion to vacate or set aside judgment.   The court has rejected Defendants' contention in the order denying Defendants' motion to vacate or set aside judgment.   For the same reasons as set forth in that order, a stay of the execution of judgment is not warranted.

Finally, the court notes that the Federal Rules of Civil Procedure do set forth a way that a stay pending appeal may be obtained if a party provides a supersedeas bond and complies with any other appropriate conditions.  Rule 62(d) of the Federal Rules of Civil Procedure provides that: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."   A party appealing a district court's entry of a money judgment is entitled to a stay of the money judgment as a matter of right if he posts a bond in accordance with Rule 62(d) of the Federal Rules of Civil Procedure. American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.,  87 S.Ct. 1, 3 (1966) (mem.).  The district court has discretion to set the amount of a supersedeas bond. Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n. 1 (9th Cir.1987).  "The purpose of a

1  supersedeas bond is to protect the appellees from the risk of a later uncollectible judgment and

2  compensate the appellees from any loss resulting from the stay of execution.   N.L.R.B. v.

3  Westphal, 859 F.2d 818, 819 (9ᵗʰ Cir. 1988).

4        In this case, Defendants' arguments for staying execution of the judgment address

5  whether the court properly entered judgment against Defendants.   These arguments have been

6  rejected by the court.   Defendants do not discuss their willingness to post a supersedeas bond or

7  comply with any other bond conditions ordered by the court.  While Plaintiff has proposed a

8  monetary bond along with other conditions to guarantee Plaintiff's judgment, Defendants have

9  not agreed or otherwise responded to Plaintiffs's proposed bond.  In light of Defendants' failure

10  to articulate sufficient grounds for staying execution pending appeal, and in light of Plaintiff's

11  asserted interest in executing the judgment, the court will not stay the execution of the judgment

12  absent a significant bond and Defendants' agreement to other conditions.

13                                              **ORDER**

14        Defendants' motion to stay execution of judgment and the sale of property is DENIED.

15

16  IT IS SO ORDERED.

17  **Dated:    December 17, 2008**                              /s/ **Anthony W. Ishii**
                                                              CHIEF UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28                                                3