IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. 1: 06-CV-01630-AWI-GSA |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND |
| ) | ORDER DENYING DEFENDANTS' |
| v. ) | MOTIONS TO VACATE OR SET |
| ) | ASIDE JUDGMENT |
| CHARLES WAYNE UPTERGROVE, ) | |
| et al., ) | [Documents # 135 and 137] |
| ) | |
| Defendants ) | |

## BACKGROUND

On November 14, 2006, Plaintiff United States of America filed this complaint to reduce federal tax assessments to judgments and foreclose on property. The first claim for relief concerned assessments against Defendant Martha Uptergrove relating to a sole proprietorship called IKON Roofing Company for unpaid federal employment taxes, penalties, interest, and other statutory additions during 2002 and 2003. The second claim for relief concerned assessments against Defendant Charles Uptergrove relating his failure to collect, truthfully account for, and pay withheld income and FICA taxes on behalf of Uptergrove Group, Inc., dba Uptergrove Roofing Company, for the periods ending March 31, 1988, through and including June 30, 1989. The third claim for relief sought to foreclose on Defendant Charles Uptergrove's and Defendant Martha Uptergrove's real property. Plaintiff requested that the court: (A) Enter judgment against Plaintiff Martha Uptergrove in the amount of $200,802.70, plus statutory

interest and other additions allowed by law, for unpaid federal employment taxes and penalties for the periods ending March 31, 2001, through March 31, 2002; (B) Enter judgment against Defendant Charles Uptergrove in the amount of $336,298,70, plus statutory interest and other additions allowed by law, for the unpaid Trust Fund Recovery Penalty for the periods ending March 31, 1988, through and including June 30, 1989; (C) Enter judgment finding that the United States has valid and subsisting liens on all property and rights to property belonging to Defendants; and (D) Enter judgment finding that the federal tax liens against Defendants be foreclosed upon and Defendants' real property be ordered sold.

On October 31, 2007, Defendants filed a motion to dismiss the complaint for lack of legislative jurisdiction. On December 6, 2007, the court denied Defendants' motion to dismiss this action for lack of jurisdiction. The court found that United States v. Butler, 297 U.S. 1 (1936) allows such taxation by the federal government. The court further found it has jurisdiction over this action pursuant to 28 U.S.C. § 1340, which allows jurisdiction over any civil action arising under any Act of Congress providing for internal revenue, and 28 U.S.C. § 1345, which allows for jurisdiction over suits commenced by the United States.

On February 1, 2008, Plaintiff filed a motion for discovery sanctions based on Defendants' failure to appear at their January 10, 2008 depositions. Plaintiff requested that the court strike Defendants' answer and enter default judgment against them. On March 10, 2008, the Magistrate Judge granted the motion to strike the answer after performing a close review of the record. The Magistrate Judge determined that Defendants' conduct in this matter warranted sanctions. The Magistrate Judge pointed to "an extensive history regarding the Defendants' failure to comply with the discovery process, as well as this court's orders . . ." in this matter. The Magistrate Judge recounted numerous failures by Defendants to appear at hearings, appear scheduling conferences and depositions ordered by the court, respond to timely filed written discovery requests, and accept mail from Plaintiff or the court.

On April 9, 2008, Plaintiff filed a motion for default judgment against Defendants. On

August 13, 2008, the Magistrate Judge entered Findings and Recommendations that recommended Plaintiff's motion for default judgment be granted.

On September 24, 2008, the court adopted the Findings and Recommendations and granted Plaintiff's motion for default judgment. The court ordered as follows:

> 1. Defendant Charles W. Uptergrove is indebted to the United States for unpaid assessed balances of federal taxes for the periods ending March 31, 1988, through and including June 30, 1989, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 27 U.S.C. § 1961(c) until paid. Defendant Charles W. Uptergrove is also indebted to the United States for unpaid sanctions entered by the court on February 1, 2008 and March 10, 2008. On September 23, 2008, the court entered judgment in favor of the United States and against Defendant Charles W. Uptergrove for his federal tax liabilities for the periods ending March 31, 1988, through and including June 30, 1989, calculated through March 31, 2008, in the amount of $385,879.94, plus such additional statutory additions, including interest, as continue to accrue until paid in full, and for his unpaid, court imposed sanctions in the amount of $1,597.81, and in the amount of $308.56.
>
> 2. Defendant Martha G. F. Uptergrove is indebted to the United States for unpaid assessed balances of federal taxes for the periods ending March 31, 2001, through and including March 31, 2002, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c) until paid. Defendant Martha G. F. Uptergrove is also indebted to the United States for unpaid sanctions entered by the court on February 1, 2008 and March 10, 2008. On September 23, 2008, the court entered judgment in favor of the United States and against Defendant Martha G. F. Uptergrove for her federal tax liabilities for the periods ending March 31, 2001, through and including March 31, 2002, calculated through March 31, 2008, in the amount of $227,716.49, plus such additional statutory additions, including interest, as continue to accrue until paid in full, and for her unpaid court imposed sanctions in the amount of $1,597.81, and in the amount of $308.56.
>
> 3. The Subject Property upon which foreclosure is sought is as follows: The real property located at 26662 Road 23, Chowchilla, California, 93613, legally described as follows:
>
>> Real property in the unincorporated area of the County of MADERA, State of California, described as follows:
>>
>> THE NORTH ¾ OF THE NORTH ½ OF THE SOUTHEAST ¼ OF THE NORTHEAST¼ OF SECTION 20, TOWNSHIP 9 SOUTH, RANGE 17 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF. APN: 030-120-013.
>
> 4. On March 19, 1996, a duly authorized delegate of the Secretary of Treasury made assessments for a Trust Fund Recovery Penalty against defendant Charles W. Uptergrove for the tax for the periods ending March 31, 1988, through and including June 30, 1989.
>
> 5. The United States has valid and subsisting tax liens on all property and rights to property of Defendant Charles W. Uptergrove, including the Subject Property, arising from the above-described assessments, which tax liens are

effective as of the dates of those assessments.

6. 26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Defendant Charles W. Uptergrove.

7. On October 21, 2002, a duly authorized delegate of the Secretary of Treasury made assessments for unpaid federal employer's quarterly payroll (Form 941) taxes against Defendant Martha G. F. Uptergrove for the tax periods ending March 31, 2001, through and including December 31, 2001.

8. On October 28, 2002, a duly authorized delegate of the Secretary of Treasury made assessments for unpaid federal employer's annual unemployment (Form 940) taxes against Defendant Martha G. F. Uptergrove for the tax period ending December 31, 2001.

9. On September 13, 2004, a duly authorized delegate of the Secretary of Treasury made assessments for a failure to file penalty under 26 U.S.C. § 6721 against Defendant Martha G. F. Uptergrove for the tax period ending December 31, 2001.

10. On October 14, 2002, a duly authorized delegate of the Secretary of Treasury made assessments for unpaid federal employer's quarterly payroll (Form 941) taxes against Defendant Martha G. F. Uptergrove for the tax period ending March 31, 2002.

11. The United States has valid and subsisting tax liens on all property and rights to property of Defendant Martha G. F. Uptergrove, including the Subject Property, arising from the above-described assessments, which tax liens are effective as of the dates of those assessments.

12. 26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Defendant Martha G. F. Uptergrove.

13. The United States' liens against the Subject Property are hereby foreclosed.

14. The United States Marshal for the Eastern District of California, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property. The United States may choose either the United States Marshal or a PALS to carry out the sale of the Subject Property under this Order and shall make the arrangements for any sale as set forth in this Order.

15. The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, but not limited to, retaining locksmiths or other persons to change or install locks or other security devices on any part of the Subject Property, until the Subject Property is delivered to the ultimate purchasers.

16. The terms and conditions of the sale of the Subject Property (or any of them) are as follows:

    a. The sale of the Subject Property shall be free and clear of the interests of all parties to this lawsuit;

    b. The sale of the Subject Property shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Subject Property, and easements and restrictions of record, if any;

    c. The sale of the Subject Property shall be held at the courthouse of the county or city in which the Subject Property is located, on the

4

    premises of the Subject Property, or at any other place in accordance with the provisions of 28 U.S.C. 2001 and 2002;

d.  The date and time for the sale of the Subject Property is to be announced by the United States Marshal, his or her representative, or a PALS;

e.  Notice of the sale of the Subject Property shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in the county in which the Subject Property is located, and, at the discretion of the Marshal, his or her representative, or a PALS, by any other notice deemed appropriate.  Each notice shall contain a description of the Subject Property for sale and shall contain the terms and conditions of sale in this order of sale;

f.  Minimum bids will be set by the Internal Revenue Service.  If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions of this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to second highest bidder;

g.  The successful bidder shall be required to deposit at the time of the sale with the Marshal, his or her representative, or a PALS, a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of California;

h.  Before being permitted to bid at the sale of the Subject Property, bidders shall display to the Marshal, his or her representative, or a PALS, proof that they are able to comply with this requirement.  No bids will be received from any person who has not presented proof that, if they are the successful bidders, they can make the deposit required by this Order;

i.  The balance of the purchase price for the Subject Property is to be paid to the United States Marshal or a PALS (whichever is conducting the sale) within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California.  If a bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921 (c), with any amount remaining to be distributed in accordance with numbered paragraph 19, below.  The Subject Property shall be again offered for sale under the terms and conditions of this Order;

j.  The sale of the Subject Property shall be subject to confirmation by this Court.  The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 20 days from the date of receipt of the balance of the purchase price for the Subject Property;

k.  On confirmation of the sale of the Subject Property, the Internal Revenue Service shall execute and deliver a deed of judicial sale conveying the Subject Property sold to purchaser;

l.  On confirmation of the sale of the Subject Property, all interests in, liens against, or claims to, the Subject Property that are held or asserted by any party to this action are discharged and extinguished;

  m. The sale of the Subject Property is ordered pursuant to 28 U.S.C. § 2001, and is made without rights of redemption.

17. Until the Subject Property is sold, Defendants Charles W. Uptergrove and Martha G. F. Uptergrove shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures and appurtenances on the Subject Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject Property.  They shall neither commit waste against the Subject Property nor cause or permit anyone else to do so.  They shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so.  They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auctions, nor shall they cause or permit anyone else to do so.

18. All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within 60 days of the service of a copy of this Order on any such persons, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Properties).  If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Subject Property is being conducted by a PALS.  If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of the sale and the balance to be paid into the Court for further distribution.

19. The proceeds arising from the sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

  a. To the United States Marshal or the PALS (whichever conducted the sale as arranged by the United States) for the costs of the sale;

  b. Then to all taxes unpaid and matured that are owed (to county, borough or school district) for real property taxes on the Subject Property);

  c. Then to Home Eq Servicing Corp. to the extent of Home Eq's secured lien, including principal and interest in an amount according to proof at that time;

  d. Then to the United States and the State of California Employment Development Department equally to the extent of their respective liens including principal and interest in an amount according to proof at that time;

  e. Then to Copeland Lumber Company to the extent of its liens, including principal, interests to the date of distribution, and reasonable attorney's fees pursuant to 26 U.S.C. § 6323(e), in an amount according to proof at that time.

On October 16, 2008, Defendants filed a motion to set aside judgment.  On October 28,

2008, Plaintiff filed an opposition to Defendants' motion to vacate judgment. On November 10, 2008, Defendants filed a reply to Plaintiff's opposition.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment, order, or proceeding based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. Fed.R.Civ.Pro. 60(b); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008); United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

//
//

**DISCUSSION**

Defendants make four basic contentions to support their motion to vacate or set aside judgment. First, Defendants contend that Defendant Charles Uptergrove's 1988 and 1989 tax debt was discharged in a bankruptcy proceeding. Second, Defendants contend that the statute of limitations to collect the 1988 and 1989 tax debt has run. Third, Defendants contend that Plaintiff was paid some or all of the tax debt during the bankruptcy. Fourth, Defendants contend the complaint's allegations against Defendant Martha Uptergrove are without merit because Plaintiff Martha Uptergrove was never an owner, employee, or officer of Ikon Roofing, the company at issue in the first claim for relief.

**A.   Defendants' Failure to Raise Contentions Earlier**

   ***1.  Failure to Raise New Contentions Prior to Entry of Judgment***

A motion to vacate or set aside judgment is not the proper avenue for raising legal theories that could have been, but were not, raised before the court issued the order for which reconsideration is sought. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); In re Agric. Research & Tech. Group, Inc., 916 F.2d 528, 542 (9th Cir. 1990). Such an contention, raised for the first time in a motion to vacate or set aside judgment, is not preserved for appeal. Self-Realization Fellowship Church v. Ananda Church of Self-Realization, 59 F.3d 902, 912 (9th Cir.1995). The failure to provide evidence earlier does not turn the late filed documents into "newly discovered evidence." Shalit v. Coppe, 182 F.3d 1124, 1132 (9th Cir. 1999).

Here, none of Defendants' contentions were raised prior to the motion to vacate or set aside judgment. These issues could have been addressed in a motion to dismiss or motion for summary judgment. However, the only motion to dismiss ever filed concerned the court's jurisdiction, not the issues raised in the motion to vacate or set aside judgment. Neither the issues concerning Defendant Charles Uptergrove's bankruptcy nor Defendant Martha Uptergrove's lack of liability for any tax debt relating to Ikon Roofing were raised in response to

Plaintiff's motions or the court's orders.   Thus, the court must deny the motion to vacate or set aside judgment on its face because the court simply cannot grant reconsideration based on these new contentions.

### 2.  New Contentions in Reply Brief

In addition, two of Defendants' new contentions were not made until Defendants' reply brief.  Defendants' motion and amended motion allege that the tax debt at issue in this action was discharged during bankruptcy and Defendant Martha Uptergrove had nothing to do with Ikon Roofing.   After Plaintiff pointed out in Plaintiff's opposition brief that the tax debt at issue cannot be discharged in bankruptcy, Defendants made two new arguments in their reply brief. Defendants argue for the first time in the reply brief that Plaintiff has violated the statute of limitations applicable to this action and that Plaintiff received funds toward this tax debt during the bankruptcy proceedings.

The court cannot grant a motion to vacate or set aside judgment based on a new argument presented for the first time in a reply brief.  See, e.g., Hamilton v. Willms, 2007 WL 2558615, *11 (E.D.Cal. 2007); Serpa v. SBC Telecommunications, Inc., 2004 WL 2002444, *5 n.4 (N.D.Cal. 2004); United States v. Chavez, 2002 WL 31971945, *3 (D.Or. 2002); Arakaki v. Cayetano, 299 F.Supp.2d 1107, 1110 n.3 (D. Hw. 2002);  United States v. Boyce, 148 F.Supp.2d 1069, 1085 (S.D. Cal. 2001); see also Smith v. Marsh, 194 F.3d 1045, 1052(9th Cir.1999) ("on appeal, arguments not raised by a party in its opening brief are deemed waived."); Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1176 & n. 4 (9th Cir.1995) (issues not raised in opening brief may not properly be raised in reply); Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (finding it improper for party to raise new argument in reply brief).  Parties are required to raise all of their arguments in their opening brief to prevent "sandbagging" of other non-moving party and to provide opposing counsel the chance to respond.   Corson and Gruman Co. v. N.L.R.B.,  899 F.2d 47, 50 (D.C. Cir. 1990).   Thus, not

only are Defendants' contentions concerning the statute of limitations and partial payment during the bankruptcy bared by Defendants' failure to raise these contentions earlier, they are also bared because they first appeared in Defendants' reply brief.

### 3. Impact of Defendants' Pro Se Status

Defendants' briefs indirectly address why Defendants may have failed to raise the motion to vacate's contentions earlier. Defendants state that they are untrained in the law and not experienced with legal procedure. Although the court construes pro se litigants' pleadings liberally, pro se litigants are bound by the rules of procedure. Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). Pursuant to the rules of procedure, Defendants should have raised the motion to vacate's contentions prior to the entry of default judgment. The fact Defendants did not understand the legal significance of certain facts until recently is not grounds to vacate or set aside judgment. Evidence is not considered "newly discovered" if it was in the party's possession prior to the entry of judgment. Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987). Thus, the fact Defendants are representing themselves and have limited legal knowledge is not a basis to consider the motion for to vacate's contentions.

Accordingly, the court cannot grant Defendants the relief they seek because Defendants did not raise their contentions earlier and did not present their evidence earlier. In addition, as discussed below, Defendants' contentions are without merit.

**B. Impact of Bankruptcy Proceeding on the 1988 and 1989 Tax Debt**

### 1. Discharge of Tax Debt in Bankruptcy Proceedings

The second claim for relief concerns Defendant Charles Uptergrove's tax debt arising in 1988 and 1989. In their motions to vacate or set aside judgment, Defendants contend that this tax debt was discharged as part of Defendant Charles Uptergrove's bankruptcy.

The United States Supreme Court in United States v. Sotelo, 436 U.S. 268 (1978), held that tax liability imposed upon a debtor under 26 U.S.C. § 6672 is nondischargeable. Sotelo, 436

U.S. at 282.  The Supreme Court's decision in Sotelo is effectively codified in 11 U.S.C.§ 507(a)(8)(C).  See In re Mosbrucker, 227 B.R. 434, 437 (8th Cir. BAP 1998).  Title 11 U.S.C. § 507(a)(8)(C) provides priority for unsecured claims of governmental units to the extent that the claim is for a tax required to be collected or withheld and for which the debtor is liable in whatever capacity.

In the opposition, Defendants essentially concede that the 1988 and 1989 tax debt was not discharged during the bankruptcy.  Based on the opposition and reply brief, the parties appear to agree that Defendant Charles Uptergrove's tax debt was not discharged.   Thus, the court will not vacate or set aside the judgment based on the contention that Defendant Charles Uptergrove's bankruptcy discharged the tax debt.

### *2.  Statute of Limitations to Collect the 1988 and 1989 Tax Debt*

In their reply brief, Defendants contend that the statute of limitations, during which Plaintiff could file this action, has run.  Because this contention was made for the first time in the reply brief, Plaintiff has not been able to respond to this contention.

The United States has 10 years after the assessment of a tax to collect the tax.  26 U.S.C. § 6502(a).  In the complaint, Plaintiff alleges that the time period in which to collect the assessments was extended when Defendants file a request for a Collection Due Process hearing.  The complaint alleges that on June 5, 2002, the Internal Revenue Service issued a final notice of determination on the hearing and thirty days later the decision was final, as Defendants did not appeal.  The court is bound to these facts, as alleged in the complaint, as true.  "Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) (citing Thomson v. Wooster, 114 U.S. 104 (1885)); Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).  In light of Defendants' default and the default judgement, the complaint's allegations have been deemed true.  See DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("In reviewing a default judgment, this court takes 'the well-pleaded factual allegations' in the complaint 'as

11

true'"); Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true").

Taking the complaint's factual allegations as true, the assessment was made on March 18, 1996. The ten year limitations period thus expired on March 18, 2006, before this action was filed. However, a person can request a hearing pursuant to 26 U.S.C. § 6330 to raise relevant issues relating to the unpaid tax or the proposed levy, such as spousal defenses, challenges to the collection action, and offers of collection alternative, or to make certain challenges to the existence or amount of the underlying tax liability. 26 U.S.C. §6330(c)(2). If a hearing is requested, the levy action that is the subject of the requested hearing and the running of any period of limitations relating to collection after assessment is suspended for the period during which the hearing, and appeals, are pending.  26 U.S.C.A. § 6330(e).

Here, Plaintiffs filed a request for a collection due process hearing on October 18, 2001. A final denial was issued on June 5, 2002, and the decision became final thirty days later or July 5, 2002. Thus, the limitations period was extended for two-hundred and fifty-nine (259) days between October 18, 2001 and July 5, 2002. Because the limitations period was suspended, Plaintiff had two-hundred and fifty-nine (259) days after March 18, 2006 to file this action. This action was filed on November 14, 2006, only two-hundred and forty-one (241) days after March 18, 2006. Thus, this action was filed within the statute of limitations.

In this motion to vacate or set aside judgment, it is Defendants' burden to provide evidence and legal authority to support their motion. See Local Rule 78-230(k). Defendants have failed in their burden to show that this action violates the statute of limitations to collect the tax debt. Thus, Defendants' contention that this action was not filed within the applicable statute of limitations is insufficient to vacate the judgment in this action.

### *3. Payment to Plaintiff During the Bankruptcy Proceedings*

Defendants contend that some or all of the tax debt was paid during the bankruptcy

proceedings. Defendants provide evidence that the IRS was a claimant in the bankruptcy proceedings and sought a claim for Defendant Charles Uptergrove's 1988 and 1989 tax liabilities. Defendants also provide evidence that trustee sought and obtained an order permitting the sale of Defendant Charles Uptergrove's property. Because this contention was not raised until the reply brief, Plaintiff's position is not briefed.

There are several problems with Defendants' position. First, Defendants have failed to provide evidence showing that Plaintiff actually received funds from any of the bankruptcy trustee's sales. Second, Defendants have failed to provide evidence showing what amount Plaintiff actually received during the bankruptcy, as opposed to the amount of Plaintiff's claim. Third, assuming Plaintiff did receive funds during the bankruptcy, it is unclear if the money Plaintiff received was for the 1988 and 1989 tax debt at issue in this action rather than some other tax debt. Fourth, Defendants fail to provide argument or evidence to prove that the amount Plaintiff seeks in this action has not been reduced by any funds Plaintiff may have received during the bankruptcy proceedings. Thus, the court will not vacate judgment on the ground that Plaintiff has already received a partial or full payment of the 1988 and 1989 tax debt at issue in this action.

**C. Liability of Defendant Martha Uptergrove**

Plaintiff obtained a judgment against Defendant Martha Uptergrove relating to the sole proprietorship IKON Roofing Company for a tax debt which arose during 2002 and 2003. Defendants contend that Defendant Martha Uptergrove was never an owner, employee, or officer of IKON Roofing. As such, Defendants argue that the complaint against Defendant Martha Uptergrove is frivolous and without merit.

As discussed in Section A above, Defendants' failure to raise this contention until a motion to vacate or set aside the judgment negates relief based on this contention. In addition, Defendants provide no evidence that Defendant Martha Uptergrove is not legally responsible for

the tax debt at issue in the complaint's first case of action concerning IKON Roofing Company. Without such evidence the court is bound to the complaint's allegation that Defendant Martha Uptergrove has an interest in IKON Roofing Company. The complaint's facts became binding on Defendants upon the entry of default judgment. See Alan Neuman Productions, 862 F.2d at 1392. Thus, the court will not vacate or set aside the judgment based on Defendants' contention that Defendant Martha Uptergrove is not liable for anything concerning IKON Roofing Company.

## ORDER

Accordingly, Defendants' motion to vacate and amended motion to vacate or set aside judgment are DENIED.

IT IS SO ORDERED.

**Dated:   December 17, 2008**           /s/ Anthony W. Ishii
              CHIEF UNITED STATES DISTRICT JUDGE