IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHARLES WAYNE UPTERGROVE, ) <br> et al., ) <br> ) <br> Defendants ) <br>  ) | NO. 1: 06-CV-01630-AWI-GSA <br><br> MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION <br><br> [Document # 149] |

## BACKGROUND

On November 14, 2006, Plaintiff United States of America filed this complaint to reduce federal tax assessments to judgments and foreclose on property.

On October 31, 2007, Defendants filed a motion to dismiss the complaint for lack of legislative jurisdiction. On December 6, 2007, the court denied Defendants' motion to dismiss, and the court found that United States v. Butler, 297 U.S. 1 (1936) allows taxation by the federal government. The court further found it had jurisdiction over this action pursuant to 28 U.S.C. § 1340, which allows jurisdiction over any civil action arising under any Act of Congress providing for internal revenue, and 28 U.S.C. § 1345, which allows for jurisdiction over suits commenced by the United States.

On February 1, 2008, Plaintiff filed a motion for discovery sanctions based on Defendants' failure to appear at their January 10, 2008 depositions. The Magistrate Judge

determined that Defendants' conduct in this matter warranted sanctions. The Magistrate Judge pointed to "an extensive history regarding the Defendants' failure to comply with the discovery process, as well as this court's orders . . ." in this matter. The Magistrate Judge recounted numerous failures by Defendants to appear at hearings, appear scheduling conferences and depositions ordered by the court, respond to timely filed written discovery requests, and accept mail from Plaintiff or the court.

On April 9, 2008, Plaintiff filed a motion for default judgment against Defendants. On August 13, 2008, the Magistrate Judge entered Findings and Recommendations that recommended Plaintiff's motion for default judgment be granted. On September 24, 2008, the court adopted the Findings and Recommendations and granted Plaintiff's motion for default judgment. The court ordered as follows:

> 1. Defendant Charles W. Uptergrove is indebted to the United States for unpaid assessed balances of federal taxes for the periods ending March 31, 1988, through and including June 30, 1989, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 27 U.S.C. § 1961(c) until paid. Defendant Charles W. Uptergrove is also indebted to the United States for unpaid sanctions entered by the court on February 1, 2008 and March 10, 2008. On September 23, 2008, the court entered judgment in favor of the United States and against Defendant Charles W. Uptergrove for his federal tax liabilities for the periods ending March 31, 1988, through and including June 30, 1989, calculated through March 31, 2008, in the amount of $385,879.94, plus such additional statutory additions, including interest, as continue to accrue until paid in full, and for his unpaid, court imposed sanctions in the amount of $1,597.81, and in the amount of $308.56.
> 2. Defendant Martha G. F. Uptergrove is indebted to the United States for unpaid assessed balances of federal taxes for the periods ending March 31, 2001, through and including March 31, 2002, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c) until paid. Defendant Martha G. F. Uptergrove is also indebted to the United States for unpaid sanctions entered by the court on February 1, 2008 and March 10, 2008. On September 23, 2008, the court entered judgment in favor of the United States and against Defendant Martha G. F. Uptergrove for her federal tax liabilities for the periods ending March 31, 2001, through and including March 31, 2002, calculated through March 31, 2008, in the amount of $227,716.49, plus such additional statutory additions, including interest, as continue to accrue until paid in full, and for her unpaid court imposed sanctions in the amount of $1,597.81, and in the amount of $308.56.
> 3. The Subject Property upon which foreclosure is sought is as follows: The real property located at 26662 Road 23, Chowchilla, California, 93613, legally described as follows:
> > Real property in the unincorporated area of the County of MADERA,

State of California, described as follows:

THE NORTH ¾ OF THE NORTH ½ OF THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF SECTION 20, TOWNSHIP 9 SOUTH, RANGE 17 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF. APN: 030-120-013.

4. On March 19, 1996, a duly authorized delegate of the Secretary of Treasury made assessments for a Trust Fund Recovery Penalty against defendant Charles W. Uptergrove for the tax for the periods ending March 31, 1988, through and including June 30, 1989.

5. The United States has valid and subsisting tax liens on all property and rights to property of Defendant Charles W. Uptergrove, including the Subject Property, arising from the above-described assessments, which tax liens are effective as of the dates of those assessments.

6. 26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Defendant Charles W. Uptergrove.

7. On October 21, 2002, a duly authorized delegate of the Secretary of Treasury made assessments for unpaid federal employer's quarterly payroll (Form 941) taxes against Defendant Martha G. F. Uptergrove for the tax periods ending March 31, 2001, through and including December 31, 2001.

8. On October 28, 2002, a duly authorized delegate of the Secretary of Treasury made assessments for unpaid federal employer's annual unemployment (Form 940) taxes against Defendant Martha G. F. Uptergrove for the tax period ending December 31, 2001.

9. On September 13, 2004, a duly authorized delegate of the Secretary of Treasury made assessments for a failure to file penalty under 26 U.S.C. § 6721 against Defendant Martha G. F. Uptergrove for the tax period ending December 31, 2001.

10. On October 14, 2002, a duly authorized delegate of the Secretary of Treasury made assessments for unpaid federal employer's quarterly payroll (Form 941) taxes against Defendant Martha G. F. Uptergrove for the tax period ending March 31, 2002.

11. The United States has valid and subsisting tax liens on all property and rights to property of Defendant Martha G. F. Uptergrove, including the Subject Property, arising from the above-described assessments, which tax liens are effective as of the dates of those assessments.

12. 26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Defendant Martha G. F. Uptergrove.

13. The United States' liens against the Subject Property are hereby foreclosed.

14. The United States Marshal for the Eastern District of California, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property. The United States may choose either the United States Marshal or a PALS to carry out the sale of the Subject Property under this Order and shall make the arrangements for any sale as set forth in this Order.

15. The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions

necessary to preserve the Subject Property, including, but not limited to, retaining locksmiths or other persons to change or install locks or other security devices on any part of the Subject Property, until the Subject Property is delivered to the ultimate purchasers.

16. The terms and conditions of the sale of the Subject Property (or any of them) are as follows:

   a. The sale of the Subject Property shall be free and clear of the interests of all parties to this lawsuit;

   b. The sale of the Subject Property shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Subject Property, and easements and restrictions of record, if any;

   c. The sale of the Subject Property shall be held at the courthouse of the county or city in which the Subject Property is located, on the premises of the Subject Property, or at any other place in accordance with the provisions of 28 U.S.C. 2001 and 2002;

   d. The date and time for the sale of the Subject Property is to be announced by the United States Marshal, his or her representative, or a PALS;

   e. Notice of the sale of the Subject Property shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in the county in which the Subject Property is located, and, at the discretion of the Marshal, his or her representative, or a PALS, by any other notice deemed appropriate. Each notice shall contain a description of the Subject Property for sale and shall contain the terms and conditions of sale in this order of sale;

   f. Minimum bids will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions of this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to second highest bidder;

   g. The successful bidder shall be required to deposit at the time of the sale with the Marshal, his or her representative, or a PALS, a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of California;

   h. Before being permitted to bid at the sale of the Subject Property, bidders shall display to the Marshal, his or her representative, or a PALS, proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if they are the successful bidders, they can make the deposit required by this Order;

   I. The balance of the purchase price for the Subject Property is to be paid to the United States Marshal or a PALS (whichever is conducting the sale) within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If a bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921 (c), with any amount

4

remaining to be distributed in accordance with numbered paragraph 19, below. The Subject Property shall be again offered for sale under the terms and conditions of this Order;

    j. The sale of the Subject Property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 20 days from the date of receipt of the balance of the purchase price for the Subject Property;

    k. On confirmation of the sale of the Subject Property, the Internal Revenue Service shall execute and deliver a deed of judicial sale conveying the Subject Property sold to purchaser;

    l. On confirmation of the sale of the Subject Property, all interests in, liens against, or claims to, the Subject Property that are held or asserted by any party to this action are discharged and extinguished;

    m. The sale of the Subject Property is ordered pursuant to 28 U.S.C. § 2001, and is made without rights of redemption.

17. Until the Subject Property is sold, Defendants Charles W. Uptergrove and Martha G. F. Uptergrove shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures and appurtenances on the Subject Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject Property. They shall neither commit waste against the Subject Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auctions, nor shall they cause or permit anyone else to do so.

18. All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within 60 days of the service of a copy of this Order on any such persons, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Properties). If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Subject Property is being conducted by a PALS. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of the sale and the balance to be paid into the Court for further distribution.

19. The proceeds arising from the sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

    a. To the United States Marshal or the PALS (whichever conducted the sale as arranged by the United States) for the costs of the sale;

    b. Then to all taxes unpaid and matured that are owed (to county, borough or school district) for real property taxes on the Subject Property);

|   |   |   |
|---|---|---|
| | c. | Then to Home Eq Servicing Corp. to the extent of Home Eq's secured lien, including principal and interest in an amount according to proof at that time; |
| | d. | Then to the United States and the State of California Employment Development Department equally to the extent of their respective liens including principal and interest in an amount according to proof at that time; |
| | e. | Then to Copeland Lumber Company to the extent of its liens, including principal, interests to the date of distribution, and reasonable attorney's fees pursuant to 26 U.S.C. § 6323(e), in an amount according to proof at that time. |

On October 16, 2008, Defendants filed a motion to set aside judgment. On December 17, 2008, the court denied Defendants' motion to set aside judgment.

On December 29, 2008, Defendants filed a second motion for reconsideration and to set aside judgment.

## LEGAL STANDARD

Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment. Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). This showing is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). A judgment is not properly reopened "absent highly unusual circumstances." Id. Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment, order, or proceeding based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. Fed.R.Civ.Pro. 60(b); School Dist. No. 1J

Multnomah County, 5 F.3d at 1263.

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008); United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

**DISCUSSION**

In their prior motion to vacate or set aside judgment, Defendants made several contentions. One contention was that Defendant Charles Uptergrove's 1988 and 1989 tax debt had been discharged in an earlier bankruptcy proceeding, and Plaintiff was paid some or all of the tax debt during this bankruptcy. In this motion, Defendants contend that they only learned of the evidence concerning the prior bankruptcy on October 28, 2008.

Preliminarily, the court notes that Defendants again contend they should be held to a lesser standard because they are appearing in pro se. Although the court construes pro se litigants' pleadings liberally, pro se litigants are bound by the rules of procedure. Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). Thus, the fact Defendants are representing themselves and have limited legal knowledge is not a basis for reconsideration.

Defendants contend that it was not until after this case was closed did they learn about the

7

prior bankruptcy's potential impact on this case. To reopen an action based on newly discovered evidence the moving party must show that: "(1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage, and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." Defenders of Wildlife, 204 F.3d at 929. Evidence is not considered newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence. Coastal Transfer Co. V. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987). To justify relief from a judgment or order, "the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." Id.

Here, Defendants have failed to show that the evidence concerning Defendant Charles Uptergrove's bankruptcy and its effect on the 1988 and 1989 tax debt could have been obtained earlier with reasonable diligence. There is no evidence that this information was not available until after September 24, 2008. Defendants have failed to adequately address why the alleged new evidence could not have been discovered through due diligence. The fact Defendants are busy with many businesses and travel a lot is insufficient to show due diligence. In addition, Defendants' status as pro se litigants is insufficient to excuse their failure to obtain this evidence earlier. There is no legal reason why Defendants failed to obtain this information earlier. It appears the reason Defendants raised the issue of the bankruptcy was only when they discovered they had lost the other arguments they had been pursing in this action. "Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Sanders v. Aranas 2009 WL 530879, *2 (E.D.Cal. 2009); Arguello v. Lee, 2008 WL 4544477, *8 (D.Idaho 2008); Wallace v. Georgia Department of Transp., 2006 WL 1582409, *2 (M.D.Ga. 2006); American Ass'n of People With Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D.Fla. 2003); Turkmani v. Republic of Bolivia, 273 F.Supp.2d 45, 50 (D.D.C. 2002); Thurston v. Citizens Utilities Co. 1995 WL 152713, *3 (D.Ariz. 1995); Quaker Alloy Casting

Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D.Ill.1988).

**ORDER**

Accordingly, Defendants' motion for reconsideration and to reopen is DENIED.

IT IS SO ORDERED.

**Dated:    March 25, 2009**                              **/s/ Anthony W. Ishii**
                                                     CHIEF UNITED STATES DISTRICT JUDGE