IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 1: 06-CV-01630-AWI-GSA |
| | ) | |
| Plaintiff, | ) | ORDER DENYING OBJECTIONS |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES WAYNE UPTERGROVE, et al., | ) | [Document # 154] |
| | ) | |
| Defendants. | ) | |

## BACKGROUND

In this action, Plaintiff United States of America obtained a judgment and order that reduced federal tax assessments to judgment, allowing Plaintiff to foreclose on Defendants' property. Defendants defended this action on the ground that this court has no legislative jurisdiction. On December 6, 2007, the court denied Defendants' motion to dismiss, and the court found that United States v. Butler, 297 U.S. 1 (1936) allows taxation by the federal government. Plaintiff then began filing motions for discovery sanctions. Defendants defended these motions on their continuing belief that this court lacks jurisdiction. Plaintiff was unable to conduct discovery. Pointing to "an extensive history regarding the Defendants' failure to comply with the discovery process, as well as this court's orders . . ." the Magistrate Judge struck Defendants' answer as a discovery sanction. On September 24, 2008, the court granted Plaintiff's motion for default judgment.

On October 16, 2008, Defendants filed a motion to set aside judgment. In this motion, Defendants raised for the first time contentions that (1) Defendant Charles Uptergrove's 1988 and 1989 tax debt had been discharged in an earlier bankruptcy proceeding, (2) Plaintiff was paid some or all of the tax debt during this bankruptcy, and (3) Defendant Martha Uptergrove did not own the business she was found to owe back taxes on. On December 17, 2008, the court denied Defendants' motion to set aside judgment.

On December 29, 2008, Defendants filed a second motion for reconsideration and to set aside judgment. Defendants provide evidence that they had not obtained the information about the prior bankruptcy discharge earlier. On March 26, 2009, the court denied this motion.

On April 8, 2009, Defendants filed written objections to the court's March 26, 2009 order. Plaintiff again complains that pro se litigants should not be held to strict compliance with technical rules.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment, order, or proceeding based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. Fed.R.Civ.Pro. 60(b); School Dist. No. 1J Multnomah County, 5 F.3d at 1263. The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008); United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). Motions to reconsider are committed to the

discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

This is Defendants' third motion for reconsideration. The pending motion for reconsideration, entitled "objections", makes the same arguments and factual assertions already addressed by the court. The court will not address them again. If Defendants are unhappy with this court's orders, their remedy is to pursue their appeal, and not to file a fourth motion for reconsideration.

**ORDER**

Accordingly, the court orders that:

1. Defendants' objections are DENIED; and
2. No further motions for reconsideration will be considered.

IT IS SO ORDERED.

Dated: **April 27, 2009**        /s/ Anthony W. Ishii
                                CHIEF UNITED STATES DISTRICT JUDGE