IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | NO. 1: 06-CV-01630-AWI-GSA |
|---|---|---|
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION TO VOID JUDGMENT AND AMENDED MOTION TO VOID JUDGMENT |
| v. | ) | |
| CHARLES WAYNE UPTERGROVE, et al., | ) | |
| Defendants. | ) | (Document #168 & #172) |

## BACKGROUND

In this action, Plaintiff United States of America ("Plaintiff") obtained a judgment and order that reduced federal tax assessments to judgment, allowing Plaintiff to foreclose on Defendants' property. On November 18, 2009, the court ordered Defendants to vacate their property by December 1, 2009. On November 23, 2009, Defendant Charles W. Uptergrove filed for bankruptcy, and the court stayed the proceedings. After Defendant's bankruptcy was resolved, on June 16, 2010, Plaintiff filed a motion for the court to order Defendants to vacate the property.

On July 14, 2010, Defendant Charles W. Uptergrove filed a motion to void judgment. On July 26, 2010, Plaintiff filed an opposition to Defendant's motion. On August 4, 2010, Defendant filed an amended motion to void judgment.

**LEGAL STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedure provides, in part, "the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void. . . ."  A final judgment is void, and therefore must be set aside under Rule 60(b)(4), "only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." In re Sasson, 424 F.3d 864, 876 (9th Cir. 2005); United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999).  The court cannot find a judgment void "merely because it is erroneous." Ministry of Def. & Support for the Armed Forces v. Cubic Def. Sys., 385 F.3d 1206, 1225 (9th Cir. 2004).   A motion to set it aside a void judgment may be brought at any time. Owens-Corning Fiberglas Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.), 759 F.2d 1440, 1448 (9th Cir.1985).

**DISCUSSION**

In his motion, Defendant appears to contend that this court lacks jurisdiction over this action and over Defendant.  This court has jurisdiction over this action pursuant to 28 U.S.C. § 1340, which allows jurisdiction over any civil action arising under any Act of Congress providing for internal revenue, and 28 U.S.C. § 1345, which allows for jurisdiction over suits commenced by the United States.   Defendants and the subject property are located in Chowchilla City, in the State of California, providing the court with personal jurisdiction over this action. See Burnham v. Superior Court of California, County of Marin, 495 U.S. 604, 609-10 (1990).  Defendant's contentions as to why this court lack jurisdiction fail in light of the clear legal authority granting this court jurisdiction.  Thus, the judgment in this action is not void because the court has both subject matter jurisdiction and personal jurisdiction over this action.

2

**ORDER**

Accordingly, the court ORDERS that Defendant Charles Wayne Uptergrove's motion to void judgment and amended motion to void judgment are DENIED.

IT IS SO ORDERED.

Dated:     August 24, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE